126 N.J. Super. 553 (1973)
316 A.2d 6
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT P. WILKINSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 18, 1973.
Decided July 3, 1973.
*554 Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Robert J. Konzelman, Assistant Deputy Public Defender, argued the cause for defendant-appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Edward Roy Rosen, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Jared L. McDavit, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Defendant was charged in a two-count indictment with the unlawful possession of marijuana, contrary to N.J.S.A. 24:21-20(a)(1), and with the unlawful possession of marijuana with intent to distribute or dispense the same, contrary to N.J.S.A. 24:21-19(a)(1). He was tried to a jury and found guilty on both counts. Concurrent sentences to the Youth Reception and Correction Center were suspended and he was placed on probation for three years.
*555 He appeals, contending that (1) the trial judge erroneously failed to instruct the jury to determine whether defendant was in possession of more than 25 grams of marijuana, and (2) the trial judge erroneously permitted testimony of two vials of LSD found in defendant's bedroom during the search for marijuana by police officers.
From the proofs it appears that defendant lived at the home of a friend, one John Adams, with whom he shared a bedroom. In their search of the bedroom pursuant to a warrant the police found in or upon a dresser which defendant admitted using a plastic bag containing 24.18 grams of marijuana, a box of baggies, cash, a "roach" holder, packs of cigarette paper, a postal scale, two vials of LSD, and other items. They also found in an open closet a high school gym bag belonging to Adams in which there was a plastic bag containing 441.15 grams of marijuana.
Defendant admitted that he smoked marijuana and that he had used some from the smaller quantity found in the dresser drawer. He claimed it belonged to Adams and he denied knowing the purpose of the postal scale and the baggies. He also said he never used the gym bag and had no knowledge of its contents.
The State offered testimony that one involved in dispensing marijuana would place the substance in a plastic baggie, such as those found in the search. The postal scale would be used to prepare one-ounce packages of the substance, from each of which 20 to 25 cigarettes could be made.
There was sufficient evidence to support the jury's finding that defendant unlawfully possessed marijuana and that he possessed it with the intent to distribute or dispense it.
Defendant argues that the trial judge erred in permitting testimony of the two vials of LSD. We think that the presence of the vials, along with all the other items uncovered by the search, was relevant to the issue of whether defendant's possession of marijuana was with the intent to distribute or dispense it. But even if the vials had no probative *556 value we do not believe that the testimony was of such a prejudicial nature as to warrant a reversal.
The next argument advanced is that the trial judge should have charged the jury on the first count that the amount of marijuana possessed would have to exceed 25 grams to warrant a conviction. The point is well taken, since on the proofs presented, the jury could have found that defendant was not in possession of the large package of marijuana, in which case possession of the smaller amount, less than 25 grams, would constitute disorderly conduct and not a high misdemeanor. N.J.S.A. 24:21-20(a)(3). However, this problem does not require further consideration because the conviction on the first count must be set aside for a reason not raised by either counsel.
We have already concluded that the State's proofs were sufficient to sustain the second count of the indictment, which charged possession of marijuana with intent to distribute or dispense it, an offense in which the amount of the drug is not a factor. Possession of the marijuana charged in the first count, while a crime in itself if the quantity exceeded 25 grams, was also an essential element of the crime alleged in the second count, and must therefore be considered an included offense. Defendant may not be convicted of both. State v. Thomas, 118 N.J. Super. 377, 380 (App. Div. 1972), certif. den. 60 N.J. 513 (1972); State v. Hill, 44 N.J. Super. 110, 112 (App. Div. 1957).
Accordingly, the conviction on the first count of the indictment and the sentence thereon are hereby vacated. The remainder of the judgment of conviction is affirmed.