**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 14-4570

————————————

CARLOS CHANG-CRUZ,
                              Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent

————————————

On Petition for Review of a Decision and Order
of the Board of Immigration Appeals
(BIA-1: A040-147-192)
Immigration Judge: Honorable Margaret R. Reichenberg

————————————

Argued: July 12, 2016

Before: AMBRO, KRAUSE, and NYGAARD, *Circuit Judges*

(Opinion Filed: August 24, 2016)

David Debold
Martin A. Hewett     (ARGUED)
Gibson Dunn & Crutcher
1050 Connecticut Avenue, N.W.
9th Floor
Washington, DC 20036

          Counsel for Petitioner

Briena L. Strippoli   (ARGUED)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878

Ben Franklin Station
Washington, DC 20044

        Counsel for Respondent

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

The Department of Homeland Security (DHS or "Government") seeks to remove

Appellant Carlos Chang-Cruz from the United States as a result of his two 2005 state

drug convictions, while Chang-Cruz seeks to cancel his removal. After several rounds of

review by the Immigration Judge (IJ) and Board of Immigration Appeals (BIA), the BIA

concluded that he is ineligible for cancellation of removal. We hold that the BIA erred.

Therefore, we will grant Chang-Cruz's petition for review and will remand the case to the

BIA for further proceedings consistent with this opinion.

## I.

Chang-Cruz, a native and citizen of Ecuador, was admitted to the United States in

1987 at the age of 14. In 2005, he pled guilty in New Jersey state court to two counts of

violating New Jersey Stat. Ann. § 2C:35-7(a), which prohibits any "violat[ion] of [N.J.

Stat. Ann. § 2C:35-5] by distributing, dispensing or possessing with intent to distribute a

controlled dangerous substance" on or within 1000 feet of "school property used for

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

school purposes . . . or a school bus." The Government issued a Notice to Appear in 2010, alleging that because these crimes involved a controlled substance, *see* 8 U.S.C. § 1227(a)(2)(B)(i), and are aggravated felonies—namely, offenses involving drug trafficking, *see* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii)—Chang-Cruz was removable.

Before the IJ, Chang-Cruz conceded that he was removable but denied that he was convicted of an aggravated felony and, therefore, sought cancellation of removal. *See* 8 U.S.C. § 1229b. The Government disagreed, arguing that Chang-Cruz's convictions are aggravated felonies because they are analogous to violations of 21 U.S.C. § 860, which prohibits, among other things, "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school." The IJ concluded that Chang-Cruz's convictions were not analogous to § 860 and exercised her discretion to cancel his removal.

The Government appealed to the BIA challenging only the IJ's finding that Chang-Cruz was eligible for cancellation. *See* J.A. 30 & n.2, 452. Before that appeal was decided, the Government sought to remand the case to the IJ for consideration of the newly received transcript of the colloquy at which Chang-Cruz pled guilty to his § 2C:35-7 charges. The BIA granted the motion. *See* 8 C.F.R. § 1003.2(c)(1), (4).

On remand, the IJ reversed course, concluding, in light of the plea transcript, that Chang-Cruz was convicted of aggravated felonies and was therefore ineligible for

3

cancellation of removal. However, the IJ noted that, assuming Chang-Cruz was not convicted of an aggravated felony, she would again cancel his removal in the exercise of her discretion.

The BIA affirmed the IJ's second ruling that Chang-Cruz is ineligible for cancellation of removal. He filed a petition for review with our Court, but we remanded for reconsideration in light of the Supreme Court's intervening decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The BIA again affirmed, and Chang-Cruz filed the petition for review that we now consider.

## II.

The IJ had jurisdiction over Chang-Cruz's removal proceedings under 8 U.S.C. § 1229a, while the BIA had jurisdiction to review the IJ's decision under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. When an alien is removable by virtue of having committed, among other things, an aggravated felony or controlled substance offense, we have jurisdiction to review the order of removal only to the extent the alien raises "constitutional claims or questions of law"—including whether the alien was in fact convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(D); *Gourzong v. Att'y Gen.*, --F.3d--, 2016 WL 3254900, at *3 (3d Cir. June 14, 2016). Thus, we have jurisdiction to determine whether Chang-Cruz's crime of conviction is an aggravated felony and also whether the BIA adhered to its regulations governing remand.

4

## III.

An aggravated felony includes the "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])." 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) defines a "drug trafficking crime" as, among other things, "any felony punishable under the Controlled Substances Act" (CSA). An offense—whether denominated as a misdemeanor or a felony by the relevant jurisdiction—constitutes a drug trafficking crime if it "proscribes conduct punishable as a felony" under the CSA. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013) (quoting *Lopez v. Gonzalez*, 549 U.S. 47, 60 (2006)). That is, an offense falls within this "hypothetical federal felony" route, *Avila v. Att'y Gen.*, --F.3d--, 2016 WL 3443112, at *4 (3d Cir. June 23, 2016); *Evanson v. Att'y Gen.*, 550 F.3d 284, 289 (3d Cir. 2008), when it necessarily prohibits conduct that the CSA also prohibits and punishes "by more than one year's imprisonment," *Moncrieffe*, 133 S. Ct. at 1683 (citing 18 U.S.C. § 3559(a)(5)).[1]

To determine whether a state offense is a hypothetical federal felony, we start with the "categorical approach." *Moncrieffe*, 133 S. Ct. at 1684. Under this approach, we look "to whether 'the state statute defining the crime of conviction' categorically fits

---

[1] Under an alternative route, a state conviction qualifies as an aggravated felony if it (1) is a felony under state law, and (2) includes an illicit trafficking element. *See Evanson*, 550 F.3d at 288. The Government does not contend that this route applies. In any case, a trafficking element does not include "simple possession or transfer without consideration." *Id.* at 289 (internal quotation marks omitted). Under New Jersey law, "distribution" and "dispensing" contain no remuneration requirement. *See* N.J. Stat. Ann. § 2C:35-2; *In re G.R.*, 929 A.2d 602, 605 (N.J. App. Div. 2003).

within the 'generic' federal" crime. *Id.* This requires us to consider the state and federal offenses "in the abstract," *id.*—that is, to consult only their respective elements—to see whether a conviction under the state statute "'necessarily' involved facts equating to the generic federal offense," *id.* (quoting *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 185-87 (2007)).

In some cases, we may depart from the categorical approach and employ the "modified categorical approach." *Id.* This approach applies when a state statute contains and describes "several different crimes," *id.*, and "at least one, but not all[,] of those crimes matches the generic version," *Descamps*, 133 S. Ct. at 2285. The modified categorical approach allows us to look to "the charging document and jury instructions, or . . . the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks omitted) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009)). But under both approaches, "[w]hether the noncitizen's actual conduct involved . . . facts" criminalized by the generic federal crime "'is quite irrelevant.'" *Id.* (quoting *United States ex rel. Guarino v. Uhl*, 107 F.2d 399, 400 (2d Cir. 1939)). Instead, as the Supreme Court recently re-emphasized in *Mathis v. United States*, we "focus on the elements . . . of [the state and federal] crime[s]." 136 S. Ct. 2243, 2254 & n.4 (2016) (quoting *Descamps*, 133 S. Ct. at 2285). If the elements of the state offense match up with, or are narrower than,

6

those of the generic federal offense, then the state offense is an aggravated felony. If not, then not.[2]

Consequently, *Mathis* requires that, when "faced with an alternatively phrased statute," we must "determine whether its listed items are [alternative] elements," which must be unanimously found by a jury (or found by a judge at a bench trial) beyond a reasonable doubt to sustain a conviction, or instead are alternative "means" that a jury need not unanimously find. *Id.* at 2256. To make this determination, we consider whether the relevant jurisdiction's courts have spoken on the issue; whether the statutory alternatives carry different minimum or maximum punishments (in which case the alternatives are elements under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny); or whether there is some other clear indication in the statute. *Mathis*, 136 S. Ct. 2256. Absent any such indication, we may take a "peek" at parts of the record, such as the indictment or jury instructions. *Id.* (quoting *Rendon v. Holder*, 782 F.3d 466, 473-74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh'g en banc)). These sources might "indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of *elements*," or else charge several of the statutory alternatives, which "is as clear an indication as any that each alternative is only a possible *means* of commission." *Id.* (emphasis added). If the statute, case law, and record do not "speak

---

[2] If conduct is punishable by the CSA as a felony only when certain sentencing factors are present, "it may be necessary to take account of [those] factors too," such that an alien's state conviction is for an aggravated felony only if that conviction necessarily "establish[ed] those factors as well." *Moncrieffe*, 133 S. Ct. at 1687; *see Carachuri-Rosendo v. Holder*, 560 U.S. 563, 577 (2010).

7

plainly," then the record "will not be able to satisfy [the] 'demand for certainty' [needed] when determining whether a defendant was convicted of a generic offense." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)).

Turning to the statutes before us, the Government concedes that if *Mathis* applies (which it does[3]), we cannot conclude that Chang-Cruz was convicted of an aggravated felony because it is not "certain[]," *see id.*, whether "distribution" and "dispensing" in § 2C:35-7 constitute alternative elements or alternative means. *See* Oral Arg. at 23:05 (argued July 12, 2016). If they are both elements, we may apply the modified categorical approach to determine the elements of Chang-Cruz's conviction. If they are both means, there is one element satisfied by either distribution or dispensing, in which case § 2C:35-7 sweeps more broadly than § 860, which criminalizes distribution but not dispensing.[4]

We agree with the Government. First, neither we nor the parties have uncovered any case clearly holding that distribution and dispensing are alternative elements, but we have found suggestions to the contrary—namely, cases that appear to treat distribution

---

[3] Although decided in the context of the Armed Career Criminal Act ("ACCA"), *Mathis*'s focus on the elements of a crime applies in the immigration context. *See Mathis*, 136 S. Ct. at 2251 & n.2 (explaining that the principle that we look to elements, and not facts, is a "mantra" of cases "applying the categorical approach outside the ACCA context—most prominently, in immigration cases"); *see also Rojas v. Att'y Gen.*, 728 F.3d 203, 216 n.12 (3d Cir. 2013) (en banc) (stating that "we have rejected any notion that the [categorical or modified categorical] analysis is different depending on whether the federal baseline statute resides in the [Immigration and Nationality Act] or the ACCA").

[4] The definitions of "distributing" and "dispensing" under New Jersey law are almost identical to their respective definitions under federal law. *Compare* N.J. Stat. Ann. § 2C:35-2, *with* 21 U.S.C. § 802(10), (11).

8

and dispensing as alternative means of fulfilling a single element. *See, e.g.*, *State v. Maldonado*, 645 A.2d 1165, 1185 (N.J. 1994) (upholding, on other grounds, a jury charge stating that, "to find against [the defendant] on this element, the State must prove 'he knew that it was cocaine and intended to *distribute or dispense* it to [another]'" (emphasis added)); *State v. Wilkinson*, 316 A.2d 6, 8 (N.J. App. Div. 1973) (concluding that there was sufficient evidence to prove that the defendant was guilty of "possession of marijuana with intent to distribute or dispense it").

Second, Chang-Cruz's judgments of conviction indicate that he was convicted of "DISPENS[ING]/DISTRIBUT[ING]" drugs within 1000 feet of a school, J.A. 91, 94, while his indictments charge him with "dispens[ing] or distribut[ing] marijuana" and "possess[ing] with intent to dispense or distribute marijuana," J.A. 93, 96. This is "as clear an indication as any that each alternative," distribution and dispensing, "is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt," *Mathis*, 136 S. Ct. at 2257.

Third, the jury instructions for § 2C:35-7 instruct that, to convict the defendant under the statute when the defendant distributes or dispenses drugs, the jury must conclude "that the defendant knowingly or purposely distributed or dispensed a controlled dangerous substance." *See* Model Jury Charge (Criminal) Distributing or Dispensing Controlled Dangerous Substances Near or on School Property Used for

9

School Purposes (1992).[5] That the judge instructs the jury to find distribution or dispensing suggests that these terms are alternative means, not alternative elements. *But see id.* (instructing the judge to charge that "[t]he defendant is charged with (distributing) (dispensing) a controlled dangerous substance near or on school property").

In view of the Government's concession and the ambiguity in New Jersey law, we conclude that the record does not satisfy the "demand for certainty" necessary to conclude that Chang-Cruz was convicted of distribution or possessing with intent to distribute instead of dispensing or possessing with intent to dispense, *Mathis*, 136 S. Ct. at 2257, and therefore we cannot conclude that he was convicted of a generic federal offense.[6] Consequently, we hold that Chang-Cruz was not convicted of an aggravated felony.[7]

**IV.**

---

[5] These instructions are available at http://www.judiciary.state.nj.us/criminal/juryindx.pdf. We note that, with respect to § 2C:35-5, which is a separate controlled substances provision, there is a model instruction for distribution of a drug but no model instruction for dispensing a drug. This may suggest that distribution and dispensing are alternative elements but does not speak with the requisite certainty for us to reach such a conclusion.

[6] In view of our disposition, we leave for another day the issues of whether "school property" and "school bus" in § 2C:35-7 are alternative locational elements or means and whether "school property . . . used for school purposes" in § 2C:35-7 is broader than "real property comprising a . . . school" in § 860.

[7] An alien has the burden of showing that he is eligible for cancellation of removal. *See* 8 U.S.C. § 1229a(c)(4)(A). Even so, if the statute under which he was convicted is broader than the federal analogue, then we cannot conclude that he was convicted of an aggravated felony. *See Moncrieffe*, 133 S. Ct. at 1685 & n.4.

Because Chang-Cruz was not convicted of an aggravated felony, he is not ineligible for cancellation of removal on this basis. In the Government's initial August 19, 2011 notice of appeal, and as the BIA carefully noted in its opinion, "aside from the argument that [Chang-Cruz] is statutorily precluded from establishing his eligibility for cancellation of removal . . . on account of having been convicted of an aggravated felony, the DHS has not otherwise challenged the Immigration Judge's conclusion that [Chang-Cruz] warranted a grant of said relief, as a matter of discretion." J.A. 30; 459. Nor, following the IJ's decision on remand indicating that she would exercise her discretion to grant relief if Chang-Cruz had not been convicted of an aggravated felony, J.A. 26, did the Government (1) argue to the BIA that the IJ's discretionary determination was erroneous, (2) cross-appeal to the BIA, or (3) argue to this Court that Chang-Cruz is ineligible for cancellation on some other ground. Rather, the Government has failed to raise any meaningful challenge to Chang-Cruz's cancellation besides his purported conviction for an aggravated felony, and the BIA twice reviewed the IJ's decision without disturbing her conclusion as to discretionary relief.

It appears under these circumstances, and consistent with its own regulations, precedents, and practice, that the BIA may be expected on remand to deem any new challenge by the Government waived and thus to reinstate the IJ's order cancelling Chang-Cruz's removal. *See, e.g.*, 8 C.F.R. § 1003.3(b); *In re R-A-M-*, 25 I. & N. Dec. 657, 663 (BIA 2012); *see also In re William Ysla*, 2010 WL 5559164 (BIA Dec. 23, 2010) (unpublished). Consistent with our own precedent and practice, however, we leave

11

that to the BIA in the first instance and will grant the petition for review and remand for the BIA to conduct further proceedings as appropriate. *See INS v. Ventura*, 537 U.S. 12, 16 (2002); *Singh v. Gonzalez*, 406 F.3d 191, 199-200 (3d Cir. 2005); *see also Lin v. Attorney General*, 543 F.3d 114, 122-26 (3d Cir. 2008).[8]

In closing, we note our expectation that on remand and in future cases the Government will refrain from engaging in the problematic conduct that has marked its performance here. The last time this case was before us, the Justice Department requested and we granted a remand to the BIA for the limited purpose of the BIA considering "what effect, if any, *Descamps* has on this immigration case." J.A. 619. Once back before the BIA, however, the Government asserted that *Descamps* was inapplicable and instead proceeded to argue that the plea transcript was relevant to whether Chang-Cruz should receive discretionary relief, along with an inadequate explanation for why it failed to obtain that plea transcript before the IJ rendered her initial

---

[8] In view of our determination that Chang-Cruz's convictions are not aggravated felonies, we would normally have no need to address Chang-Cruz's alternative argument that the BIA improperly remanded his case to the IJ for consideration of the plea transcript under a modified categorical analysis. However, to the extent that the Government might rely on the transcript in making any argument concerning discretionary relief, we note that there was no evidence introduced to satisfy the pre-requisite for the BIA's consideration of the transcript under 8 C.F.R. § 1003.2(c)(1) and (4)—the requirement that the transcript "could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c)(1). It would appear that the consideration of this transcript, at least without an evidentiary finding as to the justification for the Government's delay, was in error. *See Sakhawati v. Lynch*, 823 F.3d 852, 858 (6th Cir. 2016); *Ivanov v. Gonzalez*, 487 F.3d 635, 639 (8th Cir. 2007); *Johnson v. Ashcroft*, 378 F.3d 164, 166 (2d Cir. 2004); *Ramon-Sepulveda v. INS*, 743 F.2d 1307, 1310 (9th Cir. 1984); *In re A-S-J-*, 25 I. & N. Dec. 893, 897 (BIA 2012).

decision cancelling Chang-Cruz's removal. These were issues well outside the scope of our remand. *See Pareja v. Att'y Gen.*, 615 F.3d 180, 197 (3d Cir. 2010). Most troubling, however, is the Government's resort before the BIA to a frivolous argument that Chang-Cruz engaged in "obstructionism" by opposing the Government's remand to the IJ to consider the plea transcript. *See* J.A. 879. It comports with neither the professionalism nor the ethical mandates of Government counsel to chill vigorous advocacy by asserting that an alien who avails himself of the congressionally prescribed opportunity to seek cancellation of removal thereby loses the privilege of cancellation. We trust that this was an unfortunate mistake that will not be repeated.

*        *        *

For the foregoing reasons, we grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.