**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4060
_____

UNITED STATES OF AMERICA

v.

KEITH JACKSON,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:13-cr-00429-004)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 15, 2017

Before:  VANASKIE, RENDELL, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 5, 2017 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, Circuit Judge

Originally charged alongside seven codefendants for his part in a drug distribution operation, appellant Keith Jackson agreed to plead guilty to a single count of conspiracy to distribute heroin. He now challenges both his designation as a Career Offender under the Sentencing Guidelines and his within-Guidelines sentence of 151 months in prison. We will affirm.[1]

We turn first to whether the Career Offender Guideline was properly applied. As set out in U.S.S.G. § 4B1.1(a), a defendant is a Career Offender if he or she 1) is 18 or older, 2) commits a crime of violence or a controlled substance offense, and 3) has at least two prior adult felony convictions for crimes of violence or controlled substance offenses. Whether Jackson properly fell within this definition mattered a great deal to his putative sentencing exposure. Without the Career Offender enhancement, Jackson's total offense level/criminal history score would have been 23/IV, corresponding to a 70–87-month custodial sentence; with the enhancement, it was 29/VI, corresponding to a 151–188-month custodial sentence. The sentence ultimately imposed by the District Court, 151 months, was at the low end of the Career Offender range, but was still greater than

---

[1] We generally have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Jackson's plea agreement contains a waiver of appellate rights. However, he makes reference in his opening and reply brief to handwritten exceptions to the waiver found on the plea agreement docketed in the District Court, and referred to in the plea colloquy, but not reflected in the copy of the plea agreement contained in the government's Supplemental Appendix. We need not resolve this disparity, or determine the scope of the exceptions, because we affirm instead on the merits.

all but one of the sentences meted out to Jackson's codefendants.

The pre-sentence report flags three prior offenses that might qualify as Career Offender predicates. We need focus only on two, both of which were stipulated to in the plea agreement: "Possession of CDS [controlled dangerous substance] with Intent to Distribute," a Camden County conviction from 2001 for which Jackson received a three-year sentence; and "Possess, Distribute, Manufacture CDS," also from Camden County and also drawing a three-year sentence.[2]

The pre-sentence report does not specify which New Jersey law or laws Jackson violated on each occasion—an omission of some importance, as Jackson's classification as a Career Offender depends on the elements of the statute of conviction.[3] However, the transcripts of the relevant plea and sentencing hearings reveal that despite their divergent labeling in the pre-sentence report, both convictions were for charges under N.J. Stat. Ann. § 2C:35-5(a)(1) and (b)(3), a statute that criminalizes manufacturing, distributing, or dispensing a controlled dangerous substance, or possession with intent to do the same.[4] This statute fits within the U.S.S.G. § 4B1.2(b) Guidelines definition of "controlled

---

[2] PSR ¶¶ 138, 140.

[3] *See United States v. Lee*, 704 F.3d 785, 788 (9th Cir. 2012); *United States v. Stinson*, 592 F.3d 460, 462 (3d Cir. 2010).

[4] We referred to the transcripts for the sole purpose of determining the statute under which Jackson was actually charged.

substance offense."[5]  With two such prior convictions, Jackson was thus properly classified as a Career Offender and subject to the enhanced offense level under the Guidelines.[6]

In his *pro se* Fed. R. App. P. 28(j) letters, which appellate counsel has forwarded for our consideration, Jackson contends that under our non-precedential opinion in *Chang-Cruz v. Att'y Gen.*,[7] his New Jersey drug convictions were not Career Offender predicates.  But, as indicated by its name, *Chang-Cruz* is an immigration decision.  The petitioner there prevailed because a prior conviction under N.J. Stat. Ann. § 2C:35-7(a) was not a "drug trafficking crime"—and was thus not a disqualifying "aggravated felony" under the Immigration and Nationality Act—because § 2C:35-7(a) contained an element ("dispensing") absent in 21 U.S.C. § 860, the relevant generic federal statute.[8]  As mentioned above, and unlike § 860, the Career Offender Guideline *does* cover

---

[5] The third-degree grading of the charges also authorized "imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2; *see also* N.J. Stat. Ann. § 2C:43-6(a)(3) (establishing three-to-five-year sentence for third-degree offenses).

[6] Jackson argues that one of his controlled substance convictions arose from "sharing with friends," which should not amount to a predicate offense under the Career Offender Guideline. Jackson Br. 25.  However, the particular circumstances of the conviction do not matter under the categorical approach used to determine Career Offender status.

[7] 659 F. App'x 114 (3d Cir. 2016).

[8] *See id.* at 117–19.

"dispensing" in its disjunctive list of elements.[9] Thus, Jackson's reliance on *Chang-Cruz* is misplaced.

Jackson's remaining arguments appear to contest the District Court's refusal to grant a downward departure or otherwise vary from the prescribed Guidelines sentence on "policy" grounds. We are without jurisdiction to review a discretionary decision not to depart from the Guidelines.[10] Otherwise, Jackson points to no preserved or plain procedural error, or defect in the consideration of the 18 U.S.C. § 3553(a) factors, sufficient to call into question the presumptive reasonableness of his within-Guidelines sentence.[11] While the sentence is undoubtedly severe, despite falling at the low end of the Guidelines range, we cannot say that "no reasonable sentencing court would have

---

[9] *See* U.S.S.G. § 4B1.2(b).

[10] *See United States v. Rodriguez*, 855 F.3d 526, 532 (3d Cir. 2017). Although the District Court appeared to suggest both that the Career Offender Guideline was a congressional enactment—not so, although it is promulgated in accordance with the congressional directive of 28 U.S.C. § 994(h), *see United States v. Pridgeon*, 853 F.3d 1192, 1198–99 (11th Cir. 2017)—and that it was "not up to [the Judge]" to question the seriousness of the offense grading, App. 64, it is apparent from context that the District Court was aware of its discretion to depart if warranted. *Cf. United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000) ("If the ruling was based on the district court's belief that a departure on the grounds proffered by the defendant was legally impermissible, we have jurisdiction to determine whether the district court's understanding of the law was correct.").

[11] *United States v. Freeman*, 763 F.3d 322, 340 (3d Cir. 2014) ("Because there is no procedural error, and the District Court imposed a within-Guidelines sentence, we may presume the substantive reasonableness of its decision.").

imposed the same sentence on [him] for the reasons the [D]istrict [C]ourt provided."[12]

For the above reasons, the District Court's judgment will be affirmed.

---

[12] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).