**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4390
_____

UNITED STATES OF AMERICA

v.

DANIEL LAMPLEY,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-00106-001)
District Judge: Honorable Gustave Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2018
_____

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed: February 22, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Appellant Daniel Lampley, sentenced to 100 months' imprisonment on federal drug trafficking charges, challenges his designation as a career offender under the United States Sentencing Guidelines. For the following reasons, we will affirm.

I.

Appellant Daniel Lampley had been the subject of a drug bust operation arranged by the Government and a confidential informant ("CI"), who previously had been a large scale heroin dealer himself. On October 28, 2014, the Government executed a buy/bust operation on Lampley, where they seized approximately twenty bricks of heroin. Lampley appeared before the District Court on July 14, 2016, and pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).

On November 7, 2016, the District Court made the following tentative finding with regard to Lampley's career offender status:

> Under Chapter 4 of the guidelines, defendant is a career offender pursuant to §4B1.1(a) because he was at least 18 years old at the time he committed the instant offense of conviction, the instant offense of conviction is a felony controlled substance offense, and he has at least two prior felony convictions of a controlled substance offense as defined in §4B1.2(b) and (c), specifically (1) an August 12, 1996, conviction in the New Jersey Superior Court for possession with intent to distribute heroin within 1,000 feet of a school . . . ; (2) an October 5, 1998, conviction in the New Jersey Superior Court for possession with intent to distribute controlled dangerous substances within 1,000 feet of a school . . . ; and, (3) a July 14, 2005, conviction in the United States

2

District Court for the Western District of Pennsylvania for conspiracy to distribute 100 grams or more of heroin and possession with intent to distribute 100 grams or more of heroin . . . .

(App. 20). Pursuant to § 4B1.1(b)(3) of the Sentencing Guidelines, Lampley's offense level was set at 32, which was then decreased three levels for acceptance of responsibility. Based on the offense level and his criminal history category of VI, Lampley's advisory Guidelines Range was 151 to 188 months' imprisonment.

At sentencing, Lampley objected to his career offender status on the basis that he did not satisfy the third prong of the test outlined in §4B1.1—at least two prior felony convictions of either a crime of violence or a controlled substance offense. In particular, Lampley maintained that his two New Jersey Superior Court convictions criminalized a broader range of conduct than the federal Controlled Substances Act, and therefore could not be a categorical match with the generic federal definition contained in the Guidelines. The District Court rejected Lampley's argument. Taking into consideration the § 3553(a) factors, however, the District Court varied downward from the advisory Guidelines Range, and sentenced Lampley to 100 months of imprisonment on both counts one and two to run concurrently. Lampley then timely appealed his sentence on December 22, 2016, arguing that he is not a career offender pursuant to § 4B1.1.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over all of the District Court's legal rulings, as well as its

3

interpretation of the Sentencing Guidelines. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

### III.

Lampley argues that his New Jersey State convictions do not count as prior controlled substance offenses under the career offender statute and thus his sentence was wrongly calculated by the District Court. We find Lampley's argument meritless and will affirm the judgment of sentence.[1]

Lampley does not contest that his 2005 conviction in federal court constitutes a prior controlled substances felony conviction within the meaning of the career offender statute. *See* U.S.S.G. § 4B1.1. Instead, he argues that his two New Jersey state law convictions—his 1996 and 1998 convictions for possession with intent to distribute heroin within 1,000 feet of a school, in violation of N.J. Stat. Ann. § 2C:35-7—are not categorical matches to the federal counterpart for a controlled substance felony and thus cannot form the basis for the career offender enhancement.

In order to trigger the career offender enhancement to a sentence, (1) the defendant must be at least eighteen years old when the crime was committed; (2) the offense must be a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a crime of violence or

---

[1] Appellee asserts that Lampley never presented his current argument regarding the misapplication of the career offender enhancement to the District Court and therefore it is forfeited. (Appellee Br. 11). Because we find that Lampley's argument lacks substantive merit, we do not need to reach the question of whether it was forfeited by a failure to preserve it at the District Court level.

a controlled substance offense. *See* U.S.S.G. § 4B1.1. When examining whether a prior conviction counts for purposes of sentencing under § 4B1.1, a court must first determine whether all conduct covered by the statute of conviction, in this case N.J. Stat. Ann. § 2C:35-7, meets the generic federal definition of a controlled substance offense as defined in the sentencing guidelines. *Descamps v. United States*, 570 U.S. 254, 261 (2013). If the relevant statute has the same elements as the generic offense, then the crime committed is considered a categorical match to the federal counterpart and no further inquiry is necessary. *Id.* Likewise, if a particular statute defines a crime more narrowly than the generic statute, this too would be considered a categorical match, as anyone convicted under the narrower law is "necessarily . . . guilty of all the [generic crime's] elements." *Id.* (internal citations omitted). If, however, the statute in question sweeps more broadly than the federal generic crime, covering some conduct that does not meet the requirements of the generic offense and some that does, it is considered overbroad and a conviction under that particular statute cannot be considered a categorical match to its federal counterpart. *Id.*

On appeal, Lampley argues that the New Jersey statute under which he was twice convicted, N.J. Stat. Ann. § 2C:35-7(a), "do[es] not fit within the generic definition of the federal counterpart, because of the ambiguity of the New Jersey law." (Appellant Br. 13). The applicable New Jersey statute states:

> (a). Any person who violates subsection [(a)] of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or

5

> secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall . . . be sentenced by the court to a term of imprisonment.

N.J. Stat. Ann. § 2C:35-7(a). Lampley contends that because the New Jersey statute includes "both dispensing and distributing drugs[,]" it is broader than its federal counterpart. (Lampley Br. 13). To come to this conclusion, Lampley relies on our unpublished decision in *Chang-Cruz v. Attorney General United States of America*, 659 F. App'x 114 (3d Cir. 2016). Lampley's reliance on our holding in that case is misplaced. In *Chang-Cruz*, an immigration case, we had to decide whether Petitioner's conviction under N.J. Stat. Ann. § 2C:35-7(a) was a categorical match to its federal counterpart, 21 U.S.C. § 860, therefore warranting eligibility for removal. In relevant part, 21 U.S.C. § 860 criminalizes "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of [a public or private school]." Reasoning that the New Jersey statute in *Chang-Cruz* did in fact sweep more broadly than the federal statute—as it criminalized both dispensing and distributing whereas § 860 does not criminalize dispensing—we were unable to conclude with certainty that Chang-Cruz was guilty of an aggravated felony within the meaning of the generic definition in § 860. *Chang-Cruz*, 659 F. App'x at 119.

Here, however, the generic definition in 21 U.S.C. § 860 is not applicable.

Instead, the applicable generic federal definition is found in the Sentencing Guidelines at

§ 4B1.2(b),[2] which states:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, *or dispensing* of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (emphasis added).  Under this definition, there can be no doubt that

Lampley's conviction under the New Jersey statute is a categorical match to its federal

counterpart, as both cover conduct related to "dispensing" and "distributing."  As such,

Lampley was properly qualified as a career offender for sentencing purposes.

IV.

Based on the foregoing, we will affirm the District Court's December 13, 2016,

judgment of sentence.

---

[2] Lampley even notes in his brief that this is the applicable provision for purposes of the federal generic definition of a controlled substance offense.  (Appellant Br. 12).