**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 17-3806
————————

DWAYNE BRISCOE,
                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                Respondent

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044 138 525)
Immigration Judge:  John B. Carle

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2018

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 18, 2018)
————————

OPINION*
————————

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dwayne Briscoe petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an Immigration Judge's ("IJ") determination that he was removable for a controlled substance violation, but which vacated the IJ's decision granting Briscoe cancellation of removal. We will deny the petition for review.

I.

Briscoe, a citizen of Jamaica, entered the United States in 1993 as an immigrant at the age of seven. In 2007, he pleaded guilty to possession of a controlled dangerous substance (marijuana) with the intent to distribute within 1000 feet of school property, in violation of N.J. Stat. Ann. § 2C:35-7. He was sentenced to one day in prison and three years' probation. He also was arrested in October 2015 on a domestic violence call. In connection with that call, Briscoe's girlfriend, with whom he has two U.S.-citizen children, stated that Briscoe had threatened her. Briscoe had a knife in his hands when police arrived, although he stated that he had taken it away from his girlfriend. His girlfriend declined to testify against him and bailed him out, and the charges were dropped. Briscoe was placed in removal proceedings in 2016 with charges under 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of aggravated felony) and 8 U.S.C. § 1227(a)(2)(B)(i) (alien convicted of controlled substance offense). IJ Kuyomars Q. Golparvar sustained the charges and pretermitted Briscoe's application for cancellation of removal under 8 U.S.C. § 1229b(a), due to his aggravated felony finding. On appeal, the BIA, citing Chang-Cruz v. Att'y Gen., 659 F. App'x 114 (3d Cir. 2016) (not

2

precedential), held that the drug conviction was not an aggravated felony, and remanded to the IJ for consideration of cancellation of removal.

On remand, IJ John B. Carle granted cancellation of removal, but the Government appealed, and the BIA vacated the IJ's decision, concluding that Briscoe had "not met his burden of establishing that a grant of cancellation of removal under section 240A(a) of the Act [8 U.S.C. § 1229b(a)] is warranted in the exercise of discretion." Briscoe, proceeding pro se, filed a timely petition for review.

## II.

First, we address Briscoe's argument that he is not removable. He argues here, as he did before the IJ, that his conviction involved less than 2 grams of marijuana, and that such a crime is not punishable under the Federal Controlled Substances Act ("CSA"). But whether such an offense is punishable under the CSA is not relevant for purposes of 8 U.S.C. § 1227(a)(2)(B)(i)—that provision renders an alien removable if he "has been convicted of a violation of . . . any law or regulation of *a State*, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),[1] other than a single offense involving possession for one's own use of 30 grams or less of marijuana." (emphasis added). And even assuming that he possessed less than 30 grams of marijuana, he pleaded guilty to possession with the intent to distribute within 1000 feet

---

[1] Marijuana is a "controlled substance" under the CSA. "There is no question that it is a federal crime to 'possess with intent to . . . distribute . . . a controlled substance,' 21 U.S.C. § 841(a)(1), one of which is marijuana, § 812(c)." Moncrieffe v. Holder, 569 U.S.

3

of school property, which is not a conviction for possession for one's own use.  A.R. 423-24 (criminal judgment, indicating statute of conviction: "2C:35-7" and "Name of Drugs Involved <u>Marijuana</u>").  Further, Briscoe is incorrect that a conviction needs to be a felony to be a controlled substance violation under 8 U.S.C. § 1227(a)(2)(B)(i).  <u>See Moncrieffe</u>, 569 U.S. at 204 ("Any marijuana distribution offense, even a misdemeanor, will still render a noncitizen deportable as a controlled substances offender.").

Second, Briscoe challenges the BIA's decision to overturn the cancellation of removal decision.  Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review discretionary decisions, such as "the granting of relief under . . . 1229b."  But § 1252(a)(2)(D) restores our jurisdiction to review legal claims, such as whether the BIA used the correct legal standard.  <u>See</u> <u>Roye v. Att'y Gen.</u>, 693 F.3d 333, 339 (3d Cir. 2012).

Briscoe argues that the BIA used the wrong legal standard because it did not defer to the IJ's factual findings.  We disagree.  In its December 13, 2017 decision, the BIA recognized that it was to review the IJ's factual findings under a "clearly erroneous" standard and it determined that the IJ's findings were "not clearly erroneous."  BIA's decision at 1.  However, it did assign different weight to some of the factors involved in the decision.  For example, although the IJ noted that Briscoe "continued to smoke marijuana up until just prior to going into ICE detention" and expressed "concern[]"

---

184, 192 (2013).

about whether Briscoe "will continue to use illegal drugs in the United States," the IJ determined that Briscoe demonstrated that he warranted relief. IJ's decision at 8, 13-14.[2] In contrast, the BIA stated that because Briscoe had resumed use of marijuana after completing his probationary period following his 2007 conviction, his testimony that he would not use illegal drugs in the future was "insufficient to establish that he will not again use marijuana, and overall, indicates a propensity to violate the law." BIA decision at 2. Although Briscoe characterizes this as a reversal of the IJ's factual finding, the BIA simply gave more adverse weight to the same factual situation, which it is authorized to do. See 8 C.F.R. § 1003.1(d)(3)(ii) (explaining that the BIA exercises de novo review over discretionary questions).

Similarly, with regards to the domestic violence arrest, the BIA weighed the importance of the incident differently. The IJ appeared to minimize the significance of the arrest, noting that Briscoe and his girlfriend had lived together for four years, that they had two children together, and that the charges were dismissed by the court. The IJ also noted that Briscoe had plans to live with his mother, get a job, and provide for his family if released. But the BIA, considering the same factual incident, found the arrest a "serious adverse factor," as it was authorized to do.

Briscoe also argues that the BIA improperly characterized his drug conviction as "serious." While a conviction must be an aggravated felony in order to be a "particularly

---

[2] Notably, the IJ did not explicitly find that Briscoe would not use illegal drugs in the

5

serious crime," (which, e.g., can serve as a bar to asylum relief and withholding of removal, see, e.g., Alaka v. Att'y Gen., 456 F.3d 88, 105 (3d Cir. 2006)), the BIA here did not find that it was a "particularly serious crime" under a statutory provision; rather, it simply characterized the crime as "serious" in the layman's sense of the word. Again, the BIA was simply assigning more weight to the undisputed fact that Briscoe had been convicted of a drug distribution offense.

Finally, Briscoe argues that the BIA failed to follow its precedent by failing to give any weight to the positive factors in its decision, citing In Re Arreguin De Rodriguez, 21 I. & N. Dec. 38 (BIA 1995). In that case, the BIA reversed an IJ's denial of relief under former § 212(c) of the Act, even though the alien had been convicted of a crime involving "78.45 kilograms of marijuana," because of the alien's substantial equities. Id. at 39-41. But the BIA did acknowledge the positive factors in Briscoe's case. See BIA decision at 1 ("[W]e agree with the [IJ] that [Briscoe] has demonstrated numerous equities, including [his] long residence in the United States, his strong family ties, and his employment history."). And Briscoe's argument that the BIA "incorrectly weighed the evidence," Pet. Br. at 15, is one that this Court cannot review. See Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (ruling that a court cannot review an alien's contentions that the IJ "gave short shrift to crucial evidence" as that is simply a quarrel over the exercise of discretion).

---

future.

As we discern no reviewable error in the BIA's decision, we will deny the petition for review.