**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3411
_____

WILTON JOSE ROMANO RODRIGUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-608-368)
Immigration Judge: Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2013
Before: SLOVITER, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: April 5, 2013 )
_____

OPINION
_____

PER CURIAM

Wilton Romano Rodriguez, a citizen of the Dominican Republic, was admitted to

the United States in 1991 as a lawful permanent resident. In 1999, he pleaded guilty in

New Jersey state court to manufacturing, distributing, dispensing or possessing less than

one-half of an ounce of cocaine. See N.J. Stat. Ann. §§ 2C:35-5(a)(1); 2C:35-5(b)(3).

He was sentenced to five years of probation.

Based on that conviction, Rodriguez was charged as being removable for having been convicted of an aggravated felony as defined in Immigration and Nationality Act ("INA") § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)] (illicit trafficking in controlled substance), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. Rodriguez first appeared before an Immigration Judge ("IJ") in May 2011. The IJ adjourned that hearing, and thereafter granted several continuances. At the master calendar hearing in April 2012, Rodriguez appeared with his attorney, conceded the charges of removability, and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Rodriguez also asked for a continuance of the proceedings so that he could further pursue post-conviction relief under Padilla v. Kentucky, 559 U.S. 356 (2010).

The IJ denied relief, holding that Rodriguez's drug conviction rendered him ineligible for asylum or withholding of removal, and that he was not entitled to deferral of removal under the CAT because he had not shown it likely that he would be tortured by or with the acquiescence of the government of the Dominican Republic. The IJ also denied Rodriguez's request for a continuance, noting that he "has already been given more than a reasonable opportunity to pursue his post-conviction relief motion" and because the basis for his request is "simply too speculative."

The Board of Immigration Appeals ("BIA" or "Board") dismissed Rodriguez's appeal. The Board stated that Rodriguez "is not eligible for asylum as he has been convicted of an aggravated felony," and held that, for purposes of withholding of removal, his conviction was a particularly serious crime. The BIA further concluded that Rodriguez had failed to demonstrate that he was eligible for deferral of removal under the CAT, and agreed that he had not shown "good cause" warranting a continuance of the proceedings.

Rodriquez filed a timely pro se petition for review of the BIA's decision. Because Rodriguez is a criminal alien, we have jurisdiction to review only constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (citation omitted). But we can review the Board's determination that Rodriguez's crime was an "aggravated felony." Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007) ("exercis[ing] plenary review over [petitioner's] legal argument that he was not convicted of an aggravated felony.").

An alien is ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT if the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime" is a "danger to the community of the United States." INA §§ 208(b)(2)(A)(ii); 241(b)(3)(B)(ii) [8 U.S.C. §§ 1158(b)(2)(A)(ii); 1231(b)(3)(B)(ii)]; 8 C.F.R. § 1208.16(d)(2). For purposes of asylum eligibility, an alien who has been convicted of an aggravated felony shall be

considered to have been convicted of a particularly serious crime. INA § 208(b)(2)(B)(i) [8 U.S.C. § 1158(b)(2)(B)(i)]. This Court "appl[ies] two independent tests for determining whether a state drug offense constitutes an aggravated felony: the 'illicit trafficking element' route and the 'hypothetical federal felony' route." Evanson v. Att'y Gen., 550 F.3d 284, 288-89 (3d Cir. 2008). Under the "illicit trafficking in any controlled substance" route, the drug offense must (1) be a felony under the state law and (2) contain a "'trafficking element'-- i.e., it must involve 'the unlawful trading or dealing of a controlled substance.'" Gerbier v. Holmes, 280 F.3d 297, 305 (3d Cir. 2002). Under the "hypothetical felony route," which we will apply here, we must determine whether the state drug conviction is punishable as a felony under the Controlled Substances Act ("CSA"), regardless of how the offense is characterized by the state. Id. at 306, 312. Generally, when determining whether an alien's conviction is for an aggravated felony, we may look only to the statutory definition of the offense, and may not consider the particular facts underlying a conviction. Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004).

Rodriguez was convicted under N.J. Stat. Ann. § 2C:35-5(a)(1), which provides that it is unlawful "[t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog[.]" A conviction under this statute is analogous to 21 U.S.C. § 841(a)(1), which provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with

intent to manufacture, distribute, or dispense, a controlled substance." Cf. Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003). Subject to an exception relating to marijuana offenses that is not applicable here, a violation of 21 U.S.C. § 841(a)(1) is punishable by more than one year of imprisonment, and is therefore a felony under the CSA.[1] 21 U.S.C. §§ 802(44), 841(b)(1)(B). Thus, the BIA properly concluded that Rodriguez's conviction is an aggravated felony that precludes asylum.[2]

Rodriguez also claims that the IJ violated his right to due process by denying his request for a further continuance to pursue post-conviction relief. The Government asserts that we lack jurisdiction over this argument. We agree that while Rodriguez attempts to characterize this claim as a denial of due process, the true nature of his objection is to the way the IJ exercised his discretion. Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations

---

[1] Violations of § 841(a) that involve "distributing a small amount of marihuana for no remuneration" are punished as misdemeanors. 21 U.S.C. § 841(b)(4); Catwell v. Att'y Gen., 623 F.3d 199, 202 (3d Cir. 2010). Rodriguez's conviction involved a violation of both N.J. Stat. Ann. §§ 2C:35-5(a)(1) and 2C:35-5(b)(3). The latter provision applies to offenses involving substances identified in § 2C:35-5(b)(1). Marijuana is not one of the substances listed in § 2C:35-5(b)(1). In addition, Rodriguez does not dispute that his drug conviction involved cocaine, not marijuana.

[2] Rodriguez has not meaningfully challenged the determination that his conviction was a "particularly serious crime" that disqualified him from withholding of removal under INA § 241(b)(3) and under the CAT. Therefore, the claim is waived. Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal). In any event, we see no basis to disturb the IJ's conclusion that "the transaction for which the respondent was convicted does not meet the criteria provided by the Attorney General that could justify a departure from the presumption" that a drug trafficking crime is a "particularly serious crime." See In re Y-L-, 23 I. & N. Dec. 270, 276 (A.G. 2002).

as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § 1258(a)(2)(D).").  Although a denial of a continuance could in certain circumstances violate due process, cf. Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), Rodriguez's claim is not colorable and falls outside the scope of our jurisdiction.  See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010); Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010) (holding that criminal alien's argument that "the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider.").  In this connection, we note that Rodriguez's conviction remains final for immigration purposes despite the pendency of any collateral attack.  Paredes v. Att'y Gen., 528 F.3d 196, 198-90 (3d Cir. 2008); cf. Chaidez v. United States, -- S. Ct. --, 2013 WL 610201 (Feb. 20, 2013) (holding that Padilla is not retroactively applicable to cases on collateral review).

For the foregoing reasons, we will deny the petition for review.[3]

---

[3] The Government's motion for summary action is denied.