# Matter of Willy de Jesus ROSA, Respondent

*Decided March 14, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In deciding whether a State offense is punishable as a felony under the Federal Controlled Substances Act and is therefore an aggravated felony drug trafficking crime under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2012), adjudicators need not look solely to the provision of the Controlled Substances Act that is most similar to the State statute of conviction.

(2) The respondent's conviction under section 2C:35-7 of the New Jersey Statutes for possession with intent to distribute cocaine within 1,000 feet of school property is for an aggravated felony drug trafficking crime because his State offense satisfies all of the elements of 21 U.S.C. § 841(a)(1) (2012) and would be punishable as a felony under that provision.

FOR RESPONDENT: Raymond P. D'Uva, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Tanya K. Bronsteen, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and WENDTLAND, Board Members. Concurring Opinion: O'CONNOR, Board Member.

WENDTLAND, Board Member:

In a decision dated March 8, 2017, an Immigration Judge found that the respondent was not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony drug trafficking crime under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2012), and granted his application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2012).[1] The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, and the respondent will be ordered removed from the United States.

---

[1] The Immigration Judge also determined that the respondent is removable under section 237(a)(2)(B)(i) of the Act because he has been convicted of an offense relating to a controlled substance. The respondent has not challenged that finding on appeal.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Dominican Republic who is a lawful permanent resident of the United States.  It is undisputed that on February 20, 2004, he was convicted of possession of cocaine with the intent to distribute within 1,000 feet of school property in violation of section 2C:35-7 of the New Jersey Statutes.[2]  On appeal, the DHS argues that the Immigration Judge erroneously granted the respondent's application for cancellation of removal because his violation of section 2C:35-7 is an aggravated felony under section 101(a)(43)(B) of the Act.  Whether a State drug offense is an aggravated felony is a question of law that we review de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2017).

## II.  ANALYSIS

The term "aggravated felony" in section 101(a)(43)(B) of the Act encompasses "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)."  For purposes of this provision, "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)" and other statutes not relevant here.  18 U.S.C. § 924(c)(2) (2012).  "Thus, a state drug conviction constitutes an aggravated felony [drug trafficking crime] if . . . it would be punishable as a felony under the federal Controlled Substances Act . . . ."  *Evanson v. Att'y Gen. of U.S.*, 550 F.3d 284, 288 (3d Cir. 2008).[3]  "[A] state [drug] offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable" by more than 1 year of imprisonment "under that federal law."  *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006); *see also* 18 U.S.C. § 3559(a)(5) (2012); *Evanson*, 550 F.3d at 289.

To determine whether the respondent's State drug offense is punishable as a felony under the Controlled Substances Act, we employ the categorical approach, focusing on whether the elements of the respondent's State offense categorically define a felony under that Federal law.  *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).  "Under this categorical approach, if 'the elements of the state crime are *the same as or narrower than* the

---

[2]   At that time, the respondent was also convicted of sale of cocaine within 1,000 feet of school property in violation of the same New Jersey statute.

[3]   "[A] felony under state law" may also be an aggravated felony under section 101(a)(43)(B) if it "includes an illicit trafficking element."  *Evanson*, 550 F.3d at 288.  However, based on our disposition in this case, we need not decide whether a violation of section 2C:35-7 involves such an element.

elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as an aggravated felony.'" *Matter of Delgado*, 27 I&N Dec. 100, 101 (BIA 2017) (citation omitted). If the State crime is not a categorical match but the statute is divisible—that is, comprised of "multiple alternative elements"—we may look to the relevant conviction records under a "modified categorical approach" to determine "what crime, with what elements, [the respondent] was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citation omitted).

At the time of his offense, the respondent's State statute of conviction provided as follows:

> Any person who violates subsection a. of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree . . . .

N.J. Stat. Ann. § 2C:35-7 (West 2004).[4]

The Immigration Judge concluded that the respondent's State offense was not an aggravated felony drug trafficking crime because it would not be punishable as a felony under 21 U.S.C. § 860 (2012).[5] In part, the Immigration Judge concluded that the respondent's offense could not categorically be punished as a felony under § 860 because that provision does not specifically criminalize "dispensing" a controlled substance, while section 2C:35-7 proscribes "distributing" *or* "dispensing" such a substance.

---

4   Section 2C:35-5 of the New Jersey Statutes provides, in pertinent part, as follows:

> a. Except as authorized by P.L.1970, c. 226 (C.24:21-1 et seq.), it shall be unlawful for any person knowingly or purposely:
>   (1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog. . . .

5   In pertinent part, 21 U.S.C. § 860(a) provides as follows:

> Any person who violates section 841(a)(1) of this title or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is [subject to certain punishments] . . . .

In reaching this conclusion, the Immigration Judge relied on an unpublished decision from the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises. *Chang-Cruz v. Att'y Gen. of U.S.*, 659 F. App'x 114, 116–19 (3d Cir. 2016). In that case, the court held that section 2C:35-7 does not categorically define an aggravated felony because it is indivisible and overbroad relative to § 860 since it is unclear whether "distributing" and "dispensing" are alternative elements of section 2C:35-7 or simply alternative means of violating that statute. *See Matter of Chairez*, 26 I&N Dec. 819, 822 (BIA 2016) (clarifying that a statute is not "divisible unless each statutory alternative defines an independent 'element' of the offense, as opposed to a mere 'brute fact' describing various means" of violating the statute (quoting *Mathis*, 136 S. Ct. at 2248)).

The DHS argues that the Immigration Judge improperly relied on *Chang-Cruz* because the Third Circuit limited its analysis in that case to deciding whether the crime defined in section 2C:35-7 would be punished as a felony under § 860, even though an offense can qualify as an aggravated felony if it can be punished as a felony under *any* provision of the Controlled Substances Act. It contends that the offense defined in section 2C:35-7 is punishable as a felony under 21 U.S.C. § 841(a)(1) (2012), which is also an appropriate Federal analogue to the State statute.[6]

The Immigration Judge regarded § 860 as the only appropriate Federal analogue in this case because the Third Circuit, in deciding this question in another case, looked to the provision of the Controlled Substances Act that proscribed conduct identical to that in the relevant State statute of conviction. *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) ("The analogous federal criminal provision is 21 U.S.C. § 841(a)(1), which proscribes the identical conduct."). However, *Wilson* is distinguishable. The parties in that case did not argue that there were other appropriate Federal analogues to the State statute of conviction, as the DHS does here.

For similar reasons, *Chang-Cruz* is also distinguishable because in that case, the Third Circuit relied on the Government's assertions that 21 U.S.C. § 860 was the appropriate Federal analogue to section 2C:35-7. The court did not reach the issue we are confronted with here, namely, whether it is permissible to look to multiple provisions of the Controlled Substances

---

6   In pertinent part, 21 U.S.C. § 841(a) provides as follows:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
>    (1)  to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

Act as an analogue if these provisions prohibit conduct identical to that proscribed by the State statute.

We agree with the DHS that such an approach is permissible and that 21 U.S.C. § 841(a)(1) is an appropriate Federal analogue to section 2C:35-7. As noted, Congress defined the term "drug trafficking crime" broadly to encompass "*any* felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2) (emphasis added). Moreover, section 101(a)(43)(B) of the Act refers to 21 U.S.C. § 802 (2012), which contains definitions employed throughout the Controlled Substances Act, including "controlled substance," "dispense," distribute," and "manufacture." Finally, nothing in *Lopez v. Gonzales* requires us to look solely at the provision of the Controlled Substances Act that is most similar to the State statute of conviction. Accordingly, the Immigration Judge's treatment of § 860 as the only appropriate Federal analogue to section 2C:35-7 was unreasonably limited.

This is particularly true given that "§ 841(a)(1) is a lesser-included offense of § 860(a)." *United States v. Petersen*, 622 F.3d 196, 204 (3d Cir. 2010); *see also United States v. Jackson*, 443 F.3d 293, 301 (3d Cir. 2006) ("Because a conviction under § 860(a) only requires a finding of one additional element, the 1,000-foot proximity to a school, . . . the possession of cocaine base with the intent to distribute under 21 U.S.C. § 841(a)(1) is a lesser-included offense of possession with intent to distribute within 1,000 feet of a school under 21 U.S.C. § 860(a)."). "In fact one of the statutory elements of § 860 requires that § 841(a)(1) have been violated." *Petersen*, 622 F.3d at 204 (citation omitted). We therefore conclude that § 841(a)(1) is also an appropriate Federal analogue that we may consider in determining whether the respondent's State offense is an aggravated felony drug trafficking crime.

As noted, it is undisputed that the respondent's violation of section 2C:35-7 of the New Jersey Statutes necessarily involved possession with intent to distribute cocaine.[7] Such an offense is clearly punishable as a felony under § 841. *See, e.g.*, *Rodriguez v. Att'y Gen. of U.S.*, 517 F. App'x 82, 84–85 (3d Cir. 2013). The fact that the elements of section 2C:35-7 also require that such a crime take place within a certain proximity to school

---

[7] We agree with the DHS that the identity of the controlled substance underlying a violation of section 2C:35-7 is an element of the statute, which renders it divisible relative to the definition of an aggravated felony under section 101(a)(43)(B). The respondent does not meaningfully challenge the DHS's argument in this regard, and under a modified categorical approach, it is clear that the respondent's offense involved cocaine. We note, however, that pursuant to an exception not applicable here, the result in this case may have been different had the substance underlying the respondent's offense been marijuana. *See Wilson*, 350 F.3d at 381 (noting that "a person who violates Section 841(a) 'by distributing a small amount of marihuana for no remuneration' shall be punished under the misdemeanor provisions of 21 U.S.C. § 844").

property "does not expand the reach of the statute beyond the range of conduct encompassed by the definition of [an] aggravated felony . . . . Instead, it narrows it." *Matter of Delgado*, 27 I&N Dec. at 101–02.

The only difference between section 2C:35-7 and § 841 is that the State statute "criminalizes a *narrower* subset of" controlled substance offenses "within the broader universe of those encompassed by" § 841. *Id.* at 102. In other words, the only difference between a person who violates § 841 and a violator of section 2C:35-7—or § 860—is that the latter "has committed a § 841 offense *and* has done so in a particularly sensitive place." *United States v. Kakatin*, 214 F.3d 1049, 1051 (9th Cir. 2000); *see also Petersen*, 622 F.3d at 204; *State v. Ivory*, 592 A.2d 205, 210 (N.J. 1991) ("After the elements of [section 2C:35-5 of the New Jersey Statutes] have been established, one need only take out the tape measure to see if [section] 2C:35-7 has been violated."). Thus, the fact that the respondent possessed cocaine with the intent to distribute it within proximity to school property does not diminish the fact that he committed an aggravated felony drug trafficking crime in that location. *See Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016) (stating that "[w]hen the 'differences among elements' of the state and federal crimes 'reflect jurisdictional, or other technical, considerations' alone, then the state law" still corresponds to the Federal statute (citation omitted)).

Finally, holding that § 860 is the only appropriate Federal analogue to section 2C:35-7 would lead to absurd or bizarre results. *See, e.g.*, *Demarest v. Manspeaker*, 498 U.S. 184, 191 (1991) (stating that courts should avoid interpreting statutes in a manner that would lead to a result "so bizarre that Congress 'could not have intended' it" (citation omitted)). Clearly, it would be absurd to hold that possession of cocaine with the intent to dispense it is an aggravated felony under section 101(a)(43)(B) of the Act but that the same crime committed within proximity to a school is not.

We therefore conclude that the respondent's violation of section 2C:35-7 of the New Jersey Statutes for possession with intent to distribute cocaine within 1,000 feet of school property is an aggravated felony drug trafficking crime because it satisfies all of the elements of 21 U.S.C. § 841(a)(1) and would be punishable as a felony under that provision. *See Evanson*, 550 F.3d at 288.[8]  Thus, the respondent's offense is an aggravated felony under

---

[8]   In light of this disposition, we need not decide whether any additional elements of section 2C:35-7—other than the one relating to the identity of the controlled substance— are divisible relative to the definition of an aggravated felony. Nor must we address whether section 2C:35-7 is overbroad relative to § 860 because it includes conduct occurring on or within 1,000 feet of a school bus—conduct the latter does not expressly proscribe.

section 101(a)(43)(B) of the Act, which renders him removable under section 237(a)(2)(A)(iii).

Because the respondent has been convicted of an aggravated felony, he is statutorily ineligible for cancellation of removal under section 240A(a)(3) of the Act. He has not filed any other application for relief from removal. Accordingly, we will sustain the DHS's appeal and order the respondent removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the Immigration Judge's grant of cancellation of removal is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to the Dominican Republic.

*CONCURRING OPINION:* Blair T. O'Connor, Board Member

I agree with the majority's conclusion that the respondent is ineligible for cancellation of removal because he is removable as an alien convicted of an aggravated felony drug trafficking crime under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2012). However, I would hold that all conduct punishable under section 2C:35-7 of the New Jersey Statutes is punishable as a felony under the Controlled Substances Act under *either* 21 U.S.C. § 841(a)(1) (2012) *or* 21 U.S.C. § 860 (2012). I also write separately to note the absurdity of the legal manipulations we must go through to reach this common sense conclusion, which seems to be a recurring sentiment expressed by adjudicators everywhere. *See, e.g.*, *United States v. Valdivia-Flores*, 876 F.3d 1201, 1210 (9th Cir. 2017) (O'Scannlain, J., specially concurring) (expressing "concern about the 'arbitrary and inequitable results produced by applying' the categorical approach" (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2258 (2016) (Kennedy, J., concurring))).

As the majority decision observes, the conviction records in this case clearly establish that the respondent possessed cocaine with intent to distribute it within 1,000 feet of a school.[1] The parties do not dispute this.

---

[1] The Department of Homeland Security ("DHS") argues that the identity of the controlled substance underlying a violation of section 2C:35-7 is an element of that statute, and it notes that the conviction documents in this case reflect that the substance underlying the respondent's offense was cocaine. The DHS's argument is based in part on a decision of the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises, which found that the identity of the controlled substance was an element of an analogous Pennsylvania trafficking statute. With respect, we are dealing with a New Jersey

Such an offense is punishable as a felony under the Controlled Substances Act and is therefore an aggravated felony drug trafficking crime. Congress clearly intended for aliens such as the respondent to be removed from the United States and to be ineligible for many forms of relief, including cancellation of removal. So it would seem that this is a straightforward case. Far from it. Once again, the categorical approach sends us "down the rabbit hole . . . to a realm where we must close our eyes as judges to what we know as men and women." *United States v. Davis*, 875 F.3d 592, 595 (11th Cir. 2017).

Whether adjudicators may rely on any "appropriate Federal analogue," a combination of such analogues, or the Federal statute that most closely resembles the State statute in question in deciding whether a State offense is punishable as a felony under the Controlled Substances Act is an unresolved issue. While I find the majority's reasoning persuasive that adjudicators may consider more than one provision of the Controlled Substances Act in deciding whether a State offense would be punished as a felony under that Federal law—and such a rule makes eminent sense under the facts of this case—I have concerns over the potential difficulties that this rule may create for immigration adjudicators who are toiling under a methodology for making criminal law determinations that is already exceedingly complex. I especially disagree with the suggestion of the Department of Homeland Security ("DHS") that an Immigration Judge may only consider a single "pertinent federal equivalent" in deciding whether a State offense is an aggravated felony drug trafficking crime.

I propose a simpler path. The Supreme Court has made clear that a State drug offense is an aggravated felony drug trafficking crime if it is "punishable as a felony" under the Controlled Substances Act. *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). I recognize that some violations of section 2C:35-7 would not be felonies under 21 U.S.C. § 841 because the State statute, unlike § 841, reaches distribution of a small amount of marijuana for no remuneration. *See Moncrieffe v. Holder*, 569 U.S. 184, 194–95 (2013). I also recognize that not all violations of section 2C:35-7

statute in this case, and the two New Jersey cases cited in the DHS's brief dealing with section 2C:35-7 do not definitively resolve whether the identity of the controlled substance is an element of, or a mere means of violating, that statute. Although, as the majority notes, the respondent has not meaningfully challenged the DHS's argument in this regard, I would not base the result of this case on application of the modified categorical approach without a substantive analysis regarding the divisibility of section 2C:35-7 with respect to the identity of the underlying controlled substance, which has not been done, either below or on appeal. All of this is not to say that I agree that it is proper to restrict immigration adjudicators from resorting to the modified categorical approach in any case involving an overbroad State statute, but that battle has been repeatedly fought and lost, as the Supreme Court has frequently reminded us. *See Mathis*, 136 S. Ct. at 2251–52.

would be felonies under 21 U.S.C. § 860 because, unlike that provision, the State statute encompasses dispensing offenses.  But by comparing section 2C:35-7 to *only* § 841 *or* § 860, we are missing the forest for the trees.  The proper inquiry is whether all violations of section 2C:35-7 are punishable as felonies under the Controlled Substances Act *as a whole*.

Even if distribution of a small amount of marijuana for no remuneration in a school zone under section 2C:35-7 would not be punished as a felony under § 841, it clearly would be punished as a felony under § 860.  Further, although § 860 does not proscribe dispensing a controlled substance like section 2C:35-7 does, § 841 would punish it as a felony.  Thus, by looking at the Controlled Substance Act as a whole, rather than comparing it to a single Federal analogue, we see that all violations of section 2C:35-7 would be punished as felonies under that Federal law.  This is all that *Lopez* requires.

If there is a lesson to be learned from all of the legal maneuvering here, it is that making criminal law determinations in immigration cases has become excruciatingly complicated, and in an increasing number of cases, it is leading to absurd results.  Indeed, both the DHS and the majority note that relying solely on § 860 in this case would mean that dispensing a controlled substance *outside* of a school zone in some States would be an aggravated felony, while the same conduct would not be an aggravated felony if done *within* a school zone.

This result, which the United States Court of Appeals for the Third Circuit reached in *Chang-Cruz v. Attorney General of U.S.*, 659 F. App'x 114 (3d Cir. 2016), a decision we previously followed in some unpublished decisions, is indeed absurd.  However, this is not the first time that application of the categorical approach has led to absurd results.  If anything, the categorical approach and its rules on divisibility are "increasingly le[ading] to results that Congress could not have intended."  *Mathis*, 136 S. Ct. at 2268 (Alito, J., dissenting); *see also id.* at 2268 n.2 (citing *Moncrieffe* as an example where "the Court came to the conclusion that convictions in about half the states for even very large scale marijuana trafficking do not count as 'illicit trafficking in a controlled substance' under . . . the immigration laws"); *Almanza-Arenas v. Lynch*, 815 F.3d 469, 483 (9th Cir. 2015) (en banc) (Owens, J., concurring) ("The only consistency in [immigration] cases [involving application of the categorical approach] is their arbitrariness. . . . A better mousetrap is long overdue."); *Valdivia-Flores*, 876 F.3d at 1211 (O'Scannlain, J., specially concurring) ("[I]f the challenger [of a prior removal order] is clever enough to find some space in the state statutory scheme that lies outside the federal analogue, he can effectively void that prior removal . . . —even though the challenger admits that the actual conduct underlying his state conviction falls at the heart of the federal analogue.");

*Matter of Chairez*, 27 I&N Dec. 21, 25–26 (BIA 2017) (Malphrus, concurring).

So while I do not disagree with the point made by the majority and the DHS about avoiding absurd results, I unfortunately do not find it to be persuasive. This statement alone is a sad commentary on the state of affairs when it comes to making criminal law determinations in immigration proceedings and is an earnest call for a congressional fix to the mess we currently find ourselves in. *See United States v. Fish*, 758 F.3d 1, 17–18 (1st Cir. 2014) (collecting cases that call on Congress to "rescue the federal courts from the mire into which . . . [the] 'categorical approach' [has] pushed [them]" (quoting *Chambers v. United States*, 555 U.S. 122, 131–32 (2009) (Alito, J., concurring))); *Mathis*, 136 S. Ct. at 2258 (Kennedy, J., concurring) (noting the "continued congressional inaction in the face of a system that each year proves more unworkable").

Finally, it bears noting that the Third Circuit has already found § 860 to be the proper Federal analogue to section 2C:35-7, albeit in an unpublished decision. *See Chang-Cruz*, 659 F. App'x 114. In that decision, the Government conceded that this was the case, and having lost the divisibility battle there, the DHS now seeks to use § 841 to argue that section 2C:35-7 is categorically an aggravated felony drug trafficking crime. Although I do not disagree with the majority that such an approach is permissible, I do so with reservations over how much more complicated categorical determinations may become for adjudicators who must now decide what is an "appropriate Federal analogue" and consider that analogue, or any permissible combination of such analogues, in discerning whether a State offense is a felony under the Controlled Substances Act. These determinations are difficult enough for an immigration system that is already overburdened. In the words of Justice Alito, "I wish them good luck." *Mathis*, 136 S. Ct. at 2268 (Alito, J., dissenting).