# United States Court of Appeals
## For the First Circuit

No. 19-1091

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERTO MENDOZA-SÁNCHEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Torruella, Boudin, and Kayatta,
Circuit Judges.

Christine DeMaso, Assistant Federal Public Defender, for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom Scott W. Murray, United States Attorney, was on brief, for appellee.

June 30, 2020

**TORRUELLA**, **Circuit Judge**.  Defendant-Appellant Roberto Mendoza-Sánchez ("Mendoza"), a Mexican citizen, pleaded guilty to one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a).  Prior to sentencing, and in the wake of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018),[1] Mendoza moved to withdraw his plea and dismiss the indictment, believing that the removal order underlying his conviction for reentering after deportation had been rendered null and void. According to Mendoza, the immigration court lacked jurisdiction to issue the removal order in the first place because his notice to appear -- the document served on a noncitizen and filed with the immigration court that initiates removal proceedings -- did not specify the date or time of the removal hearing.  The district court denied the motion, finding that Mendoza did not satisfy any of the prerequisites set forth in 8 U.S.C. § 1326(d) for collaterally attacking the removal order during the criminal proceedings, and it sentenced Mendoza to time served.  Mendoza now

---

[1]  In Pereira, the Supreme Court held that the stop-time rule, which governs the length of an alien's continuous physical presence in the United States for the purpose of an application for cancellation of removal, applies once "the alien is served a notice to appear under [8 U.S.C. § 1229(a)]."  138 S. Ct. at 2110.  It concluded that a notice to appear "that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule."  Id.

appeals this denial. He contends that: (1) the immigration court lacked jurisdiction to consider his removal because the notice to appear served on him did not include the date and time of the hearing; and (2) if the immigration court lacked jurisdiction, then for that reason he need not satisfy the requirements of section 1326(d) in order to successfully challenge in this subsequent criminal proceeding the order resulting in his removal. Because we conclude that the immigration court did not lack jurisdiction, we reject Mendoza's appeal without needing to consider whether he would need to satisfy section 1326(d) if he could show that the immigration court lacked jurisdiction over his removal.

## I.

Mendoza is a native and citizen of Mexico. In 2003 and 2009, he was arrested for being unlawfully present in the United States and was granted voluntary departure to Mexico on both occasions. Mendoza returned to the United States without approval later in 2009.

On May 7, 2014, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Mendoza in New Hampshire. The next day, the U.S. Department of Homeland Security ("DHS") personally served Mendoza with a notice to appear, which informed him that he was being charged with removability based on his unlawful presence in

-3-

the United States and directed him to appear before an immigration judge in Boston at an unspecified date and time. On May 28, 2014, the immigration court issued a notice of hearing, which directed Mendoza to appear in the Boston immigration court in seven days -- on June 4, 2014, at 8:00 a.m. -- for his removal proceeding. According to annotations on the document, personal service was made by delivery to Mendoza's attorney or representative and to DHS. However, the name of his attorney on the document was inexplicably crossed out. At the hearing, Mendoza requested voluntary departure, but the immigration judge ordered him removed to Mexico. Mendoza subsequently waived any appeal. Ultimately, he was deported on June 26, 2014.

Years later, on November 28, 2017, New Hampshire State Police conducted a stop of a commercial vehicle. Mendoza was the driver. He admitted to the state trooper that he did not have a driver's license, that he was unlawfully present in the United States, and that he had been previously deported. After confirming his identity, ICE arrested Mendoza.

## II.

On December 13, 2017, a grand jury sitting in the U.S. District Court for the District of New Hampshire returned a one-count indictment charging Mendoza with reentry after

-4-

deportation, in violation of 8 U.S.C. § 1326(a). Mendoza pleaded guilty to the offense on May 31, 2018.

While Mendoza awaited sentencing, the Supreme Court decided Pereira, 138 S. Ct. at 2105. As a result, Mendoza filed a motion to withdraw his guilty plea and dismiss the indictment, contending that, under Pereira, the notice to appear in his underlying immigration case was defective because it failed to include the date and time of the removal hearing and, consequently, that defect "deprive[d] the immigration court of jurisdiction to issue [the removal order]." In Mendoza's view, because the 2014 removal was invalid, he was legally innocent of reentry after deportation.

The district court denied Mendoza's motion, rejecting his argument that the immigration court lacked subject-matter jurisdiction in 2014.[2] It further concluded that, in any event, Mendoza had to satisfy the requirements set forth in 8 U.S.C. § 1326(d) in order to challenge the validity of the underlying removal order during his criminal case, which Mendoza had failed

---

[2] The district court aptly noted that there was a split among the lower courts on whether removal orders entered after a defective notice to appear under Pereira had been served were void for lack of subject-matter jurisdiction and that, at the time, no court of appeals had addressed the issue.

to do.  Thus, the court held that Mendoza could not withdraw his guilty plea or challenge the indictment.  This appeal ensued.

### III.

Our review of a district court's denial of a plea-withdrawal motion is for abuse of discretion.  United States v. Caramadre, 807 F.3d 359, 367 (1st Cir. 2015).  To make that assessment, we consider "the strength of the reasons offered in support of the motion," keeping in mind that a defendant may withdraw his plea so long as he shows that there is "a fair and just reason" for requesting the withdrawal.  United States v. Powell, 925 F.3d 1, 4 (1st Cir. 2018); see United States v. González-Arias, 946 F.3d 17, 28 (1st Cir. 2019).  "In determining whether the defendant offered such a 'fair and just reason,'" we review the district court's legal conclusions de novo.  Powell, 925 F.3d at 4 (citing United States v. Gates, 709 F.3d 58, 69 (1st Cir. 2013)).

Similarly, "[w]hen reviewing the trial court's denial of a motion to dismiss an indictment, we review questions of law de novo."  United States v. Doe, 741 F.3d 217, 226 (1st Cir. 2013) (citing United States v. López-Matías, 522 F.3d 150, 153 (1st Cir. 2008)).  Any factual findings made by the district court are reviewed for clear error, and its "ultimate ruling" for abuse of discretion.  Id.

**IV.**

Mendoza's overarching reason for requesting the withdrawal of his guilty plea is that, in his view, the immigration court's 2014 removal order -- upon which his reentry after deportation conviction is premised -- is invalid because the immigration court lacked jurisdiction over his removal proceedings. His theory rests on the contention that the notice to appear that initiated his removal proceedings in 2014 was defective because it did not contain the date or time of his removal hearing. Mendoza avers that the inclusion of that information was required both by statute, see 8 U.S.C. § 1229(a)(1), and by the Supreme Court's decision in Pereira. Because his removal is a "nullity," his argument goes, it cannot support his conviction, and he is innocent of that offense. Thus, he contends that the district court erred in not allowing him to withdraw his guilty plea.

We have already squarely rejected the contention that the omission of the initial hearing date and time in a notice to appear deprives the immigration court of jurisdiction over a removal proceeding. See Goncalves Pontes v. Barr, 938 F.3d 1 (1st Cir. 2019); see also Arévalo v. Barr, 950 F.3d 15, 20 (1st Cir. 2020); Ferreira v. Barr, 939 F.3d 44, 45 (1st Cir. 2019). We held in Goncalves Pontes that the jurisdiction of an immigration court

-7-

is governed by agency regulation, see 8 C.F.R. § 1003.14(a), not by 8 U.S.C. § 1229(a) -- the statute upon which Mendoza relies -- and that the regulations do not concern the written notice contemplated in that statute. See 938 F.3d at 3-4, 6. While section 1229(a) governs the information that must be provided to noncitizens about their impending removal hearings -- i.e., "the 'time' and 'place,' that would enable them 'to appear' at the removal hearing in the first place," id. at 6 (quoting Pereira, 138 S. Ct. at 2115) -- the regulations "set forth the process by which the immigration court obtains jurisdiction over a removal proceeding," id. (citing 8 C.F.R. § 1003.14). And the regulations do not require that the time and place of the initial hearing be included in the notice to appear in order to commence removal proceedings. Id. at 4. Thus, we concluded that an undated notice to appear that complies with the regulations is effective to confer jurisdiction upon the immigration court. Id. at 7.

In this case, there is no suggestion that Mendoza's notice to appear did not comply with the regulations. Therefore, pursuant to our holding in Goncalves Pontes, Mendoza's jurisdictional quarrel is unavailing.

However, Mendoza resists this conclusion by arguing that our holding in Goncalves Pontes depends on the proper service of a notice of hearing that "cures" an undated notice to appear.

-8-

Because he was not properly or timely served with the notice of hearing, he says, the defect in the notice to appear was not cured, and thus, this "two-step process" did not vest the immigration court with jurisdiction.

Contrary to Mendoza's contention, we did not tie our holding in Goncalves Pontes to a successful service of a notice of hearing.[3]  In fact, we held -- without mentioning service of a notice of hearing -- that other documents, such as a notice of referral to an immigration judge and a notice of intention to rescind and request for hearing by an alien, see 8 C.F.R. § 1003.13, are charging documents that "establish the immigration court's jurisdiction over a case, commencing removal proceedings against an alien without resort to a Notice to Appear." Goncalves Pontes, 938 F.3d at 6-7.  We merely added at the end of the opinion, as a "coda" -- meaning in addition to what we had previously expressed -- that the Board of Immigration Appeals (the "BIA") had "likewise concluded that [a notice to appear] that is served without specification of the time and place of the initial

---

[3]  This is not to say that Mendoza could not have successfully objected to the timing of his removal hearing due to inadequate or untimely service of notice.  He made no such argument, and instead waived his right to appeal to the Board of Immigration Appeals from the decision of the immigration court.  Nor, for that matter, does he contend that he can satisfy the requirements of section 1326.

hearing may be sufficient to confer subject-matter jurisdiction on an immigration court in removal proceedings." Id. at 7 (emphasis added) (citing In re Bermúdez-Cota, 27 I. & N. Dec. 441, 447 (BIA 2018)). And in Bermúdez-Cota, the BIA "clarified its view" that a notice to appear "'vests an Immigration Judge with jurisdiction over the removal proceedings' when a notice of hearing is sent to the alien in advance of those proceedings." Id. (quoting Bermúdez-Cota, 27 I. & N. Dec. at 447). We simply concluded from this that the agency's interpretation of its regulations was "entitled to great deference." Id. (quoting Sidell v. Comm'r., 225 F.3d 103, 109 (1st Cir. 2000)). Notably, we clarified in a footnote that we did not decide the question of whether a two-step process could satisfy the time and date requirements of the statute at issue in Pereira. Id. at 7 n.2. Moreover, we have confirmed the holding in Goncalves Pontes that jurisdiction vests with the issuance of a notice to appear that complies with the regulations in subsequent cases without resorting to an inquiry into whether service of a notice of hearing was appropriate or was even made. See, e.g., Ferreira, 939 F.3d at 45. Therefore, even if neither Mendoza nor his counsel was served with the notice of hearing, as Mendoza avers, that does not defeat the application of Goncalves Pontes's holding, which confirms that the immigration court had jurisdiction over his removal.

-10-

Next, Mendoza attempts to circumvent Goncalves Pontes's holding by arguing that it was wrongly decided. But the law of the circuit doctrine dooms this claim, as we are "bound by prior panel decisions that are closely on point," United States v. Wurie, 867 F.3d 28, 34 (1st Cir. 2017) (quoting San Juan Cable LLC v. P.R. Tel. Co., 612 F.3d 25, 33 (1st Cir. 2010)), "absent any intervening authority," Mass. Delivery Ass'n v. Healey, 821 F.3d 187, 192 (1st Cir. 2016) (quoting United States v. Mouscardy, 722 F.3d 68, 77 (1st Cir. 2013)). Mendoza does not suggest that there is any such authority, nor does he "offer[] a sound reason for believing that the [Goncalves Pontes] panel would change its collective mind," Wurie, 867 F.3d at 34. Hence, Goncalves Pontes controls our decision here, and Mendoza's jurisdictional argument fails, and since he does not otherwise argue that he can satisfy the requirements of section 1326(d) for collaterally challenging his removal order in this subsequent criminal proceeding, his appeal fails.

**V.**

For the foregoing reasons, the district court's denial of Mendoza's motion to withdraw his guilty plea and dismiss the indictment is affirmed.

**Affirmed**.

-11-