# United States Court of Appeals
## For the First Circuit

No. 19-1372

MANUEL A. SOTO-VITTINI,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Boudin, Kayatta,
Circuit Judges.

Todd C. Pomerleau, with whom Jeffrey B. Rubin and Rubin Pomerleau PC were on brief, for petitioner.
Rodolfo D. Saenz, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, with whom Joseph H. Hunt, Assistant Attorney General, Civil Division, and Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, were on brief, for respondent.

August 24, 2020

**BOUDIN, Circuit Judge.** Manuel Soto-Vittini ("Soto-Vittini"), a native and citizen of the Dominican Republic, seeks review of a Board of Immigration Appeals ("BIA") decision ordering his removal.

Soto-Vittini entered the United States in 2001 as a lawful permanent resident. In May 2018, he pled guilty to drug possession with the intent to distribute. Mass. Gen. Laws ch. 94C, § 32A(a). The Department of Homeland Security ("DHS") then sought to remove him because his drug conviction constituted an "aggravated felony" under the Immigration and Nationality Act ("INA"). 8 U.S.C. §§ 1101(a)(43); 1227(a)(2)(A)(iii).

In a written decision, the immigration judge ("IJ") ruled that, based on his drug conviction, Soto-Vittini was removable and ineligible for cancellation of removal. Soto-Vittini sought review by the BIA, which affirmed the IJ's decision. This appeal followed.

Soto-Vittini first argues that the IJ never obtained jurisdiction over his removal proceedings because his first "Notice to Appear" failed to provide the date and time of his removal hearing. We have repeatedly rejected the same jurisdictional claim. See Goncalves Pontes v. Barr, 938 F.3d 1, 7 (1st Cir. 2019); see also United States v. Mendoza-Sánchez, 963 F.3d 158, 161 (1st Cir. 2020) (collecting cases).

- 2 -

Soto-Vittini also contests the BIA's determination that his drug conviction under section 32A(a) of Massachusetts General Laws Chapter 94C ("section 32A(a)") is an "aggravated felony" under the INA. This legal conclusion is reviewed de novo. Campbell v. Holder, 698 F.3d 29, 32 (1st Cir. 2012).

A permanent resident convicted of an "aggravated felony" after admission is not only removable under the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), but also ineligible for cancellation of removal, id. § 1229b(a). "[I]llicit trafficking in a controlled substance"--which includes "any felony punishable under the Controlled Substances Act"--is an "aggravated felony." Id. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).

Moncrieffe v. Holder dictates a "categorical approach" when deciding whether a state drug conviction qualifies as an "illicit trafficking in a controlled substance" offense under the INA. 569 U.S. 184, 192 (2013). A conviction qualifies if there is a realistic probability that the minimum conduct criminalized by the state drug statute is necessarily conduct that would be punishable as a felony under the Controlled Substances Act ("CSA"). See De Lima v. Sessions, 867 F.3d 260, 263 (1st Cir. 2017) (citing Moncrieffe, 569 U.S. at 190).

On appeal, Soto-Vittini argues that section 32A(a) is categorically overbroad because the differing mens rea requirements for accomplice liability under state and federal law

- 3 -

make it such that a defendant could be held liable under section 32A(a), but not the CSA. We do not agree, even assuming the scope of accomplice liability is relevant to the categorical inquiry here, see United States v. Capelton, 966 F.3d 1, 6 (1st Cir. 2020).

Massachusetts law requires that an accomplice "intentionally assist[] the principal in the commission of the crime . . . , sharing with the principal the mental state required for that crime." Commonwealth v. Hanright, 994 N.E.2d 363, 368 (Mass. 2013) (quoting Commonwealth v. Richards, 293 N.E.2d 854, 860 (Mass. 1973)), abrogated on other grounds by Commonwealth v. Brown, 81 N.E.2d 1173, 1182 (Mass. 2017). Under section 32A(a), the requisite mental state is an intent to distribute. Mass. Gen. Laws ch. 94C, § 32A(a). Federal law requires that an accomplice "intend[] to facilitate th[e] offense's commission." Rosemond v. United States, 572 U.S. 65, 76 (2014). Comparing these two mens rea requirements, there is no "realistic probability," Moncrieffe, 569 U.S. at 191, that a defendant could satisfy the Massachusetts standard, but not the federal one.

In short, because the mens rea to convict an accomplice under section 32A(a) is no broader than under the CSA, Soto-Vittini's state drug conviction amounts to "illicit trafficking in a controlled substance," and, thus, an "aggravated felony" under the INA. 8 U.S.C. § 1101(a)(43)(B). This conclusion makes it unnecessary to reach Soto-Vittini's remaining argument that

- 4 -

section 32A(a) is not an "illicit trafficking" offense because it lacks a trafficking element.  See Berhe v. Gonzales, 464 F.3d 74, 80 (1st Cir. 2006).

**Affirmed.**