NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3225
_____

HERNANDEZ TOKPAH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from
the Board of Immigration Appeals
(Agency No.: A079-864-650)
Immigration Judge: Virna A. Wright
_____

Submitted under Third Circuit LAR 34.1(a)
February 12, 2021

Before: CHAGARES, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: May 27, 2021)

_____

OPINION*
_____


SCIRICA, *Circuit Judge*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hernandez Tokpah petitions for review of the Board of Immigration Appeals's order dismissing his appeal and affirming the Immigration Judge's determination that he is removable as an aggravated felon. In making its decision, the Board relied on *Matter of Rosa*, 27 I. & N. Dec. 228 (BIA 2018). We have since reversed that decision and clarified the proper framework for determining whether a state conviction qualifies as an aggravated felony under 8 U.S.C. § 1229b(a)(3). *See Rosa v. Att'y Gen.*, 950 F.3d 67, 81 (3d Cir. 2020). We will grant Tokpah's petition for review, vacate the Board's dismissal, and remand so that the Board can conduct further proceedings consistent with *Rosa*.

I

Tokpah is a native and citizen of Liberia. He was admitted to the United States in 2004 as a refugee and in 2008 obtained lawful permanent resident status.

In 2017, following a guilty plea in New Jersey Superior Court, Tokpah was convicted for possession with intent to distribute cocaine within 1,000 feet of school property in violation of N.J. Stat. Ann. § 2C:35-7(a) (the "New Jersey School Zone Statute"). He was sentenced to two years of probation.

The Department of Homeland Security ("DHS") commenced removal proceedings against Tokpah. Based on his conviction under the New Jersey School Zone Statute, he was charged with removability under both 8 U.S.C. § 1227(a)(2)(B)(i), due to his conviction for a controlled substance offense, and 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony after admission to the United States. Tokpah conceded his removability on the controlled substance conviction but denied that he was removable as an aggravated felon.

Tokpah applied for cancellation of removal under 8 U.S.C. § 1229b(a), which requires, *inter alia*, that the applicant "has not been convicted of any aggravated felony." An Immigration Judge rendered a written decision finding that Tokpah was not removable as an aggravated felon. Thus, Tokpah remained eligible for cancellation of removal.[1]

DHS, however, filed a motion to reconsider in light of *Matter of Rosa*, 27 I. & N. Dec. 228 (BIA 2018), an intervening Board decision determining that a conviction under the New Jersey School Zone Statute is an aggravated felony. In *Matter of Rosa*, the Board reasoned that it was permissible to look to multiple provisions of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, in determining whether a state offense constitutes an aggravated felony. 27 I. & N. Dec. at 231–32. Under this approach, the Board compared the New Jersey School Zone Statute to 21 U.S.C. § 841(a)(1), which proscribes possession with intent to distribute cocaine. 27 I. & N. Dec. at 232. Because the New Jersey School Zone Statute necessarily involves possession with intent to distribute, the Board determined that it qualified as an aggravated felony. *Id.* at 233–34.

At a subsequent hearing, an Immigration Judge reconsidered the prior decision— that Tokpah *had not* been convicted of an aggravated felony—and, applying *Matter of Rosa*, held that Tokpah *had* been convicted of an aggravated felony. In light of this new ruling, Tokpah was no longer eligible for cancellation of removal.[2] Tokpah filed a timely

---

[1]     Tokpah also remained eligible for asylum and withholding of removal.
[2]     The decision that Tokpah was removable as an aggravated felon also rendered him ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A), 1231(b)(3)(B). As a result, Tokpah's only potential avenue for protection against removal

administrative appeal of the Immigration Judge's decision. The Board, relying on *Matter of Rosa*, dismissed Tokpah's appeal. Tokpah timely filed a petition for review challenging the Board's decision. His case was then held in abeyance pending our review of the Board's decision in *Matter of Rosa*. On January 29, 2020, we issued our opinion in *Rosa*, 950 F.3d at 81, overturning the Board's decision in *Matter of Rosa*.

II[3]

In *Rosa*, we applied the categorical approach[4] to determine whether the defendant's conviction under the New Jersey School Zone Statute amounted to an aggravated felony under 8 U.S.C. § 1229b(a)(3). 950 F.3d at 73–76. We held that when making the aggravated felony determination, adjudicators must compare the state statute of conviction "to only [its] most similar federal analog." *Id.* at 76. Further, we held that the New Jersey School Zone Statute's most similar federal analog is 21 U.S.C. § 860 (the "Federal School Zone Statute"). *Id.* at 80.

---

was the Convention Against Torture, but the Immigration Judge found Tokpah failed to show the requisite likelihood of torture to qualify for deferral of removal.

[3]     The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a). Our jurisdiction to review an order of removal based on the commission of an aggravated felony is limited, under 8 U.S.C. § 1252(a)(2)(C)–(D), to "constitutional claims or questions of law." *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc). We review questions of law and constitutional issues de novo. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

[4]     Courts use the "categorical approach" to determine whether prior criminal convictions trigger certain consequences under federal law. *See e.g., Taylor v. United States*, 495 U.S. 575, 600–602 (1990). Under this approach, courts look "only to the statutory definitions of the prior offenses" and "consider neither the particular facts underlying the prior convictions nor the label a State assigns to the crimes." *Shular v. United States*, 140 S. Ct. 779, 783 (2020) (cleaned up) (citations omitted).

In Tokpah's case, the Board affirmed the Immigration Judge's decision comparing the New Jersey School Zone Statute to 21 U.S.C. § 841(a)(1),[5] not the Federal School Zone Statute. Under *Rosa*, the Board erred. Accordingly, the Government can only prevail in this case if intervening law has vitiated our holding in *Rosa*. The Government contends the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020), does exactly that. We disagree.

In *Shular*, the Supreme Court explained that "statutes calling for a categorical approach ask the court to determine" either (1) "whether the prior conviction was for a certain offense," or (2) "whether the conviction meets some other criterion." *Id.* at 783. The Court held that when the statute falls within the "some other criterion" category, courts need not compare the state conviction to a federal offense. *Id.* at 787.

The Armed Career Criminal Act ("ACCA") provision at issue in *Shular* called for a categorical approach to determine whether the defendant's six prior cocaine-related convictions under Florida law constituted predicate "serious drug offenses." *Id.* at 782–83. The ACCA defines "serious drug offense" by reference to prohibited conduct—for example, any state offense involving the conduct of manufacturing a controlled substance constitutes a "serious drug offense."[6] *Id.* at 782. The Court reasoned that statutes describing prohibited conduct, as opposed to referencing specific offenses, are statutes that ask courts to determine "whether the conviction meets some other criterion." *Id.* at

---

[5]    21 U.S.C. § 841(a)(1) proscribes possession with intent to distribute cocaine.
[6]    In relevant part, the ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." 18 U.S.C. § 924(e)(2)(A)(ii).

783, 787. And because the relevant provision of the ACCA fell within the "some other criterion" category, there was no need to compare the defendant's state conviction with any federal offense. *See id.* at 787.

Conversely, the statute in *Rosa* does not fall within the "some other criterion" category but asks courts to determine whether the state conviction was for a certain offense. The Immigration and Nationality Act ("INA") provision at issue in *Rosa* defined an "aggravated felony" as "a drug trafficking crime (as defined in [18 U.S.C § 924(c)(2)])." 8 U.S.C. § 1101(a)(43)(B). As relevant here, a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act." 18 U.S.C § 924(c)(2). This INA provision asks courts to determine whether the prior state conviction matches a certain federal offense—namely an offense punishable as a felony under the Controlled Substances Act. Because *Shular* does not affect our precedent regarding how to apply the categorical approach to statutes that ask for a comparison between a defendant's prior conviction and certain federal offenses, *Rosa* remains binding precedent.[7]

The Board's failure to use the approach detailed in *Rosa* constitutes error.

---

[7]     We note that after the *Shular* opinion was issued, the Government petitioned for rehearing in the *Rosa* case. In support of its petition, the Government raised the same argument it raises here, i.e., that *Shular* vitiates our holding in *Rosa*. We denied the Government's petition.

Moreover, we note that since *Shular* was decided, several of our sister circuits have issued opinions determining whether a petitioner's state conviction qualified as an aggravated felony under the INA. None of these opinions cite *Shular*, let alone hold that it changes how courts apply the categorical approach in the aggravated felony context. *See, e.g., Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020); *Soto-Vittini v. Barr*, 973 F.3d 20, 21 (1st Cir. 2020); *Gordon v. Att'y Gen.*, 962 F.3d 1344, 1347–48 (11th Cir. 2020); *Cucalon v. Barr*, 958 F.3d 245, 250 (4th Cir. 2020).

## III

For the reasons provided, we will grant Tokpah's petition for review, vacate the decision of the Board, and remand so the Board may conduct further proceedings consistent with *Rosa*.