# United States Court of Appeals
## For the First Circuit

No. 19-1859

RAFAEL EMILIO FRANJUL-SOTO,

Petitioner,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Howard, <u>Chief Judge</u>,
Torruella and Barron, <u>Circuit Judges</u>.

<u>Patrick N. Long</u> and Patrick Long Law Firm, P.C., on brief for petitioner.
<u>Ilana J. Snyder</u>, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, <u>Joseph H. Hunt</u>, Assistant Attorney General, Civil Division, and <u>Sabatino F. Leo</u>, Senior Litigation Counsel, on brief for respondent.

August 24, 2020

**BARRON**, **Circuit Judge**.   Rafael Emilio Franjul-Soto ("Franjul-Soto"), a citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals ("BIA") that denied his motion to reconsider his motion to reopen removal proceedings.   We deny the petition for review.

## I.

Franjul-Soto was born in the Dominican Republic in 1965 and entered the United States without inspection in 1988.   On April 4, 2016, the United States Department of Homeland Security ("DHS") served Franjul-Soto with a Notice to Appear, which charged him with being removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i).

The Notice to Appear listed the address of the Immigration Court, but indicated that the date and time of Franjul-Soto's hearing were "[t]o be set."[1]   Three days later, DHS served Franjul-Soto with a letter entitled "Notice of Hearing," which specified that the hearing would take place on April 11, 2016, at 8:30 a.m.

Franjul-Soto attended all removal hearings.   The Immigration Judge ("IJ") sustained the charge of removability

---

[1] The parties appear to question whether the Notice to Appear listed the Immigration Court's address.   It did.   The document stated:   "YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:   JFK Federal Building 15 New Sudbury St, Room 320 Boston MA 02203."

under § 1182(a)(6)(A)(i) and denied Franjul-Soto's application for cancellation of removal in a written order dated October 19, 2016. Franjul-Soto then filed a Notice of Appeal to the BIA.

In March 2017, while his BIA appeal was pending, Franjul-Soto filed a Violence Against Women Act ("VAWA") self-petition with the United States Citizenship and Immigration Services ("USCIS"). Franjul-Soto claimed in it that he was the spouse of an abusive United States citizen and that he qualified for a discretionary adjustment of status to that of lawful permanent resident under 8 U.S.C. § 1154(a)(1)(A)(iii)(I).

On February 16, 2018, the BIA dismissed Franjul-Soto's appeal from the IJ's order of removal. Franjul-Soto then moved the BIA to reopen removal proceedings based on his pending VAWA self-petition. The BIA denied Franjul-Soto's motion to reopen on October 19, 2018, and, on July 26, 2019, the BIA denied his motion to reconsider. This petition for review followed.

## II.

Franjul-Soto first argues that the IJ lacked jurisdiction to adjudicate his removability -- and thus that his removal order must be vacated -- because the Notice to Appear was deficient in omitting the date and time of his initial removal hearing.[2] The Notice to Appear was lacking in that respect. But,

---

[2] The Notice to Appear did provide the Immigration Court's address. Franjul-Soto appears to argue that, under 8 C.F.R.

- 2 -

our precedent forecloses the argument that the IJ therefore lacked jurisdiction to issue the order of removal. See United States v. Mendoza, 963 F.3d 158, 161 (1st Cir. 2020) (rejecting "the contention that the omission of the initial hearing date and time in a notice to appear deprives the immigration court of jurisdiction over a removal proceeding" (citing Goncalves Pontes v. Barr, 938 F.3d 1 (1st Cir. 2019))); see also In re Montreal Me. & Atl. Ry., Ltd., 953 F.3d 29, 42 (1st Cir. 2020) ("[N]ewly constituted panels ordinarily are constrained by prior panel decisions directly (or even closely) on point." (quoting United States v. Holloway, 630 F.3d 252, 258 (1st Cir. 2011))).

## III.

Franjul-Soto next takes aim at the BIA's denial of his motion to reconsider its denial of his motion to reopen, which he premised on his then-pending VAWA self-petition. He contends that the BIA erred by basing its denial on Franjul-Soto's failure to make a prima facie case that the self-petition had merit, when, in his view, the BIA had no legal basis for requiring him to make such a prima facie showing. We review this claim of legal error

---

§ 1003.15(b)(6), a Notice to Appear must also explicitly state that it "will be filed" at the listed address. This misconstrues the regulation, which simply requires that a Notice to Appear include "[t]he address of the Immigration Court where the Service will file the . . . Notice to Appear." Id. Here, the address was listed, and Franjul-Soto does not contend that the Notice to Appear was subsequently filed at a different address -- nor would the record support any such contention.

de novo.  See Soto-Hernandez v. Holder, 729 F.3d 1, 3 (1st Cir. 2013).

Franjul-Soto moved the BIA to reopen removal proceedings under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2 after it dismissed his direct appeal, citing the VAWA self-petition that he had filed in the interim.  These provisions allow an alien subject to an otherwise final order of removal to seek administrative relief based on "new facts."  8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

Qualifying "new facts" can include, if additional conditions are met, the alien's application for relief via a VAWA self-petition, see 8 U.S.C. § 1229a(c)(7)(C)(iv), given that, if the self-petition is ultimately deemed meritorious, the otherwise-removable alien may be eligible for a visa or lawful permanent resident status.  Specifically, the VAWA self-petitioning process allows an alien spouse of an abusive United States citizen to seek classification as an immediate relative or a preference immigrant by filing a Form I-360 with USCIS.  See 8 C.F.R. § 204.1(a)(3).  The self-petition must "demonstrate[] to the Attorney General that . . . during the marriage . . . the alien . . . has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse."  8 U.S.C. § 1154(a)(1)(A)(iii)(I); see also 8 C.F.R. § 204.2(c)(1).  If, "[a]fter an investigation . . . the Attorney General . . .

determines that the facts stated in the petition are true," he "shall . . . approve the petition" and award classification as an immediate relative or preference immigrant, and the alien may thereafter be eligible for a visa.  8 U.S.C. § 1154(b); see id. § 1153 (enumerating visa allocations by category).  In addition, if the self-petition is granted, the Attorney General also may, "in his discretion," allow a VAWA self-petitioner to apply for adjustment of status to that of lawful permanent resident.  Id. § 1182(h).

Franjul-Soto accepts, for purposes of this contention, that the BIA generally may require a prima facie showing of eligibility for the relief that grounds a motion to reopen, whether that threshold showing takes the form of a recounting of why the grounds for removal were mistaken or, as here, why there is merit to a new filing that, if granted, would permit an adjustment of the movant's immigration status.  But, Franjul-Soto then goes on to contend that the BIA may not impose that same requirement to make such a threshold showing when the motion to reopen is premised, as his is, on a pending VAWA self-petition.  Rather, he argues, it is enough for the movant in that event to demonstrate that the self-petition has been timely filed, as his was.

Franjul-Soto relies for this contention on 8 U.S.C. § 1229a(c)(7)(C)(iv), which he contends creates a "unique rule for VAWA-based relief."  But, this provision concerns only the

timeliness of VAWA-petition-based motions to reopen, not the requisite evidentiary support on which they must be premised.  It simply states that "[a]ny limitation . . . on the deadlines for filing" a motion to reopen "shall not apply" if the motion is predicated on VAWA eligibility and certain other conditions are met.  See id. § 1229a(c)(7)(C)(iv)(I)-(IV).  Thus, this provision is of no help to him.[3]

Insofar as Franjul-Soto also means to argue that the BIA may not require a prima facie case to be shown in support of any motion to reopen, he is wrong as well.  Another provision, 8 U.S.C. § 1229a(c)(7)(B), which Franjul-Soto concedes is applicable here, requires all motions to reopen to be "supported" by evidentiary materials.  And, while the government in its brief suggested that the prima facie showing requirement is "neither statutory nor regulatory," BIA regulations appear to ground the prima facie showing requirement in § 1229a(c)(7)(B).  See 8 C.F.R. § 1003.23(b)(3) (setting forth the statutory requirement that "[a] motion to reopen . . . shall be supported by affidavits and other

---

[3] Franjul-Soto also contends that "the prima facie case standard . . . recognized as the threshold for granting a motion to reopen for an asylum case" is "[b]ased on the statutory language at 8 U.S.C. § 1229a(c)(7)(C)(ii)."  But this provision, similar to § 1229a(c)(7)(C)(iv), concerns only the "time limit on the filing of a motion to reopen if the basis of the motion is to apply for" asylum.  Id. § 1229a(c)(7)(C)(ii) (emphasis added).  Franjul-Soto cites no authority suggesting that this language regarding timeliness is appropriately read to encompass the prima facie case standard, and we can find none.

- 6 -

evidentiary material," and then suggesting that "the moving party . . . [must] establish[] a prima facie case for relief"); <u>see also</u> <u>id.</u> § 1003.2(a), (c)(1) (similar).

In any event, we have held that the BIA may require that an alien's motion to reopen at least be supported by a prima facie case to be granted, <u>see</u> <u>Carter</u> v. <u>INS</u>, 90 F.3d 14, 17 (1st Cir. 1996) (citing <u>INS</u> v. <u>Abudu</u>, 485 U.S. 94, 104-05 (1988)), and we see no basis for making an exception when the motion to reopen is based on a still-pending VAWA self-petition.

Franjul-Soto is, of course, at risk of being removed while his VAWA self-petition remains pending. But, the self-petition in and of itself says nothing about its merits. Thus, the risk that he could be removed before USCIS rules on it provides no reason to preclude the BIA from requiring that he make a prima facie case that it has merit as a predicate for his motion to reopen.

## IV.

Franjul-Soto's final contention is that the BIA erred in finding that he failed to make the requisite prima facie case. We review for an abuse of discretion. <u>See</u> <u>Fesseha</u> v. <u>Ashcroft</u>, 333 F.3d 13, 20 (1st Cir. 2003); <u>Carter</u>, 90 F.3d at 17.

Under the prima facie standard, Franjul-Soto had to put forward "objective evidence showing a 'reasonable likelihood'" or "realistic chance" that his VAWA self-petition would be granted by

USCIS.  Smith v. Holder, 627 F.3d 427, 437 (1st Cir. 2010) (first quoting Larngar v. Holder, 562 F.3d 71, 78 (1st Cir. 2009), then quoting Guo v. Ashcroft, 386 F.3d 556, 564 (3d Cir. 2004)).  To grant the petition, USCIS would have to find, among other things, that Franjul-Soto "has been battered or has been the subject of extreme cruelty perpetrated by [his] spouse."  8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb).  Regulations define battery or extreme cruelty as "includ[ing] . . . being the victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury." 8 C.F.R. § 204.2(c)(1)(vi).

Franjul-Soto contends that he made this prima facie showing based on the affidavit that he submitted with his VAWA self-petition, in which he recounts the mistreatment that he alleges that he endured from his wife.  The BIA disagreed, however. It explained that he had "submitted only limited evidence that he was battered or subjected to extreme cruelty by his spouse, consisting of an affidavit in which he speaks generally of physical, mental, and verbal abuse," and that this limited evidence was not supported by any corroborating evidence.  The BIA was thus "unpersuaded that the respondent has provided sufficient evidence to demonstrate that he would be prima facie eligible for approval of a" VAWA self-petition.

- 8 -

Given the limited details set forth in Franjul-Soto's affidavit recounting his abuse -- which contained no dates and few specifics -- the BIA did not abuse its discretion in finding that the affidavit, alone, did not suffice to establish a prima facie case given the lack of any corroborating evidence. Moreover, the BIA did not, as Franjul-Soto contends, impose a blanket rule that a movant's affidavit describing the abuse that they suffered can never itself make out a prima facie case. The BIA merely held that Franjul-Soto's affidavit -- given its deficiencies in terms of detail -- did not suffice to make out a prima facia case regarding the merits of his VAWA self-petition, at least in the absence of any corroborating evidence for the claims of abuse that it set forth.

Finally, there is no merit to Franjul-Soto's further contention that the BIA abused its discretion by improperly deeming his affidavit not credible. The problem here for Franjul-Soto is that the BIA did not make an adverse credibility finding in ruling that Franjul-Soto's lone and uncorroborated affidavit failed to establish a prima facie case in support of his VAWA-petition-based motion to reopen. Rather, the BIA simply based its ruling on the general nature of the affidavit and the lack of specifics in it. Thus, here, too, we discern no basis for finding an abuse of discretion.

**V.**

The petition for review is **denied**.