NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2543
_____

BRIDGET NICOLE WALTERS,
a/k/a Bridget N. Walters; a/k/a Bridgette Nicole Walters;
a/k/a Bridgitte Walters,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(A201-242-287)
Immigration Judge: Audra Behne
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 4, 2021
_____

Before: AMBRO, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Filed: September 23, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

The Violence Against Women Act (VAWA) affords various protections to victims of domestic abuse who are subject to removal. Bridget Walters, a native and citizen of Jamaica, is one such victim: she claims to have been sex- and labor-trafficked, and to have endured physical and emotional abuse from her now-estranged husband who is a lawful permanent resident. After she was ordered removed, Walters invoked VAWA as a basis to reopen her removal proceedings before the Board of Immigration Appeals. The BIA denied her motion on several grounds, including untimeliness. She now petitions to challenge the BIA's denial of her motion to reopen.

In reviewing her petition for an abuse of discretion, *Liem v. Att'y Gen.*, 921 F.3d 388, 395 (3d Cir. 2019), we will deny it, but not on timeliness grounds. Because Walters qualifies as a battered spouse under VAWA, her otherwise untimely motion to reopen is timely as a matter of law. But the BIA's additional bases for denying Walters's motion to reopen were not "arbitrary, irrational, or contrary to law," *Liem*, 921 F.3d at 395. VAWA permits relief from removal only for victims who are of "good moral character." 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(bb). Walters, however, has been convicted of at least twenty crimes spanning almost two decades. Those convictions, which undercut good moral character, prevent her from making a *prima facie* case for relief from removal – a prerequisite for any motion to reopen. Her criminal history also proves fatal to her claim of ineffective assistance of counsel: even without any attorney error, Walters was not reasonably likely to secure VAWA-based relief from removal. Accordingly, the BIA did not abuse its discretion in denying her motion to reopen.

2

## I.

Ordinarily, to be timely, a motion to reopen proceedings must be filed within ninety days of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Walters filed her motion approximately six months after the BIA's final order for her removal. Although that would normally be untimely, VAWA allows battered spouses one year to file motions to reopen if they satisfy three additional requirements. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(I)–(IV). In finding her motion untimely, the BIA failed to assess whether Walters met those requirements, which she does satisfy.

The first of those requirements examines the status of the VAWA self-petitioner. *See id.* § 1229a(c)(7)(C)(iv)(I). Eligible persons include spouses of "citizen[s] of the United States," *id.* § 1154(a)(1)(A)(iii)(II)(aa)(AA), and spouses of "lawful permanent resident[s] of the United States," *id.* § 1154(a)(1)(B)(ii)(II)(aa)(AA). In her self-petition for VAWA relief, Walters indicated that she was seeking relief as a spouse of a United States citizen, but her husband is a lawful permanent resident, not a United States citizen. Nevertheless, as the spouse of a lawful permanent resident, Walters meets this requirement despite her misidentification of the proper statutory provision in her self-petition.

Walters also satisfies the remaining requirements for VAWA timeliness. Her motion included a copy of her VAWA self-petition. *See id.* § 1229a(c)(7)(C)(iv)(II). And she was physically present in the United States at the time of the filing. *See id.* § 1229a(c)(7)(C)(iv)(IV).

3

For these reasons, Walters's motion to reopen was timely, and this Court has jurisdiction to review the BIA's denial of that motion. *See id.* § 1252(a)(1); *see also id.* § 1252(b)(6).

II.

Timeliness is not the only threshold requirement; a motion to reopen must also establish *prima facie* eligibility for the relief sought. Such a showing presents a "substantive hurdle," which requires objective evidence of a reasonable likelihood of entitlement to relief. *Darby v. Att'y Gen.*, 1 F.4th 151, 160 (3d Cir. 2021); *see also Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007). Because Walters seeks relief under VAWA, she must make a *prima facie* showing that she qualifies for such relief. *See, e.g.*, *Franjul-Soto v. Barr*, 973 F.3d 15, 18–19 (1st Cir. 2020) (requiring a motion to reopen based on a still-pending VAWA self-petition to be supported by a *prima facie* case for relief).

One of the four requirements of *prima facie* claim for VAWA-based relief is that the applicant be "a person of good moral character." 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(bb). Assessing good moral character involves a case-by-case analysis, and it accounts for the applicant's criminal history as well as "the standards of the average citizen in the community." 8 C.F.R. § 204.2(c)(1)(vii). In evaluating Walters's good moral character, the BIA found it "speculative" that her VAWA self-petition would be approved in light of her "extensive criminal history in the United States." BIA Decision at 2 (June 29, 2020) (AR4).

4

The BIA did not abuse its discretion in making that determination. A VAWA petitioner's criminal history bears on the good-moral-character determination,[1] and Walters has a litany of convictions, including a pending charge within three years of her most recent VAWA self-petition in February 2020. *See* 8 U.S.C. § 1101(f); *see also* 8 C.F.R. § 204.2(c)(2)(v) (requiring VAWA self-petitions to be accompanied by documentation of criminal history for the three years preceding the self-petition). Even still, VAWA permits the Attorney General to waive prior convictions for purposes of assessing good moral character, provided that the conviction is "connected to" the applicant "having been battered or subjected to extreme cruelty." 8 U.S.C. § 1154(a)(1)(C). Thus, to waive one of her prior crimes, Walters has to demonstrate "a causal or logical relationship" between the conviction and the abuse she suffered. *Da Silva*, 948 F.3d at 638. But her motion to reopen did not identify such a nexus between her abuse and each of her convictions. Perhaps it did not do so to avoid contradicting Walters's testimony at her removal hearing, which did not link her theft crimes to her abuse. Specifically, when asked, "Is there something forcing you to steal, or do you do it to make money?" Walters responded, "To make money so I could take care of my children, and I think I do have a problem . . . ." Hrg. Tr. at 171, lines 8–11 (Mar. 25, 2019) (AR624). Without attempting to establish the crime-abuse nexus for each of her convictions and given the number of her crimes (more than twenty), their duration (over

---

[1] Certain classes of convictions preclude a finding of good moral character, *see* 8 U.S.C. § 1101(f)(1)–(9) (identifying attributes that bar a finding of good moral character), but no one contends that any of Walters' prior crimes meet the requirements of any of those categories.

5

nearly two decades), and their recency (a pending charge from 2018, which is within three years of her most recent, February 2020, VAWA petition, and which occurred after 2017, when she separated from her abusive spouse), the BIA did not abuse its discretion in determining – at a general level – that her convictions would not be waived. Similarly, because Walters did not establish a likelihood that her prior crimes would be waived, the BIA did not abuse its discretion in concluding that Walters would not satisfy the "good moral character" requirement and that she would therefore be ineligible for VAWA relief from removal.

III.

Walters also seeks to reopen the BIA proceedings by contending that two of her previous attorneys were ineffective. One requirement for a claim of ineffective assistance of counsel is a showing of substantial prejudice, which means a reasonable likelihood that the outcome of the proceeding would have been different had the unprofessional error(s) not occurred. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 159 (3d Cir. 2007). In evaluating her motion to reopen, the BIA determined that Walters did not show substantial prejudice. Had her prior counsel made a stronger case for waiver of her prior offenses – by linking the offenses to her abuse – then perhaps some of those would be waived. But given Walters's failure to show grounds for waiver for each of her offenses, along with her own testimony that she was not forced to commit theft offenses,

6

her motion to reopen fails to show any realistic probability that any of her offenses would be waived.

Nor is that the only shortcoming in her ineffective-assistance-of-counsel argument. Even if every one of her convictions were waivable for purposes of the good moral character requirement, the BIA would still retain discretion to consider her criminal history as part of its assessment of good moral character. *See* 8 C.F.R. § 1003.2(a) (providing "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").[2] And here, in denying the motion to reopen, the BIA was quite conscious of "the nature, extent, and severity of the adverse factors that are present in this case," BIA Decision at 2 (AR4). It is unlikely, therefore, that the BIA would have exercised its discretion differently even if the entirety of her criminal convictions had been waived.

In sum, Walters's ineffective-assistance-of-counsel argument fails because she has not shown that, absent her prior attorney's alleged errors, she would have been reasonably likely to secure VAWA-based relief from removal.

\* \* \*

For these reasons, we will deny the petition for review.

---

[2] *See also* USCIS Interoffice Memorandum, *Determinations of Good Moral Character in VAWA-Based Self-Petitions*, Yates to Novak, at 4 (Jan. 19, 2005) ("[E]ven if the evidence submitted by a self-petitioner establishes that (1) a waiver for his or her disqualifying act or conviction is available, and (2) the requisite connection exists between his or her disqualifying act or conviction and the battering or extreme cruelty he or she suffered, the adjudicating officer may nevertheless find that the severity or gravity of the self-petitioner's act or conviction warrants an adverse finding of good moral character in the exercise of discretion.").

AMBRO, <u>Circuit Judge</u>, concurring in part and dissenting in part

I join Part I of the majority opinion, concluding that Bridget Walters' motion to reopen her case before the Board of Immigration Appeals was timely and that we have jurisdiction over her petition for review. But I write separately to express my disagreement with Parts II and III, which conclude that neither the possibility of relief under the Violence Against Women Act (VAWA) nor the purported ineffectiveness of her counsel justifies reopening her case. In my view, these two issues are connected and, when considered together, entitle Walters to a do-over before the Board. I would thus have granted her petition for review and remanded the matter to the Board for further proceedings.

On her telling, Walters has endured an almost unimaginable pattern of abuse: rape by a family member in Jamaica as a young teenager, sex- and labor-trafficking by relatives after she fled to the United States, and physical abuse by her eventual husband, culminating with him threatening her life at gunpoint. During this time, she also accrued approximately twenty convictions, primarily for petty theft and related offenses. On appeal, she explains these two aspects of her life are inextricably intertwined: she was "compelled . . . to steal and commit crimes" by her abusive husband and her traffickers. Walter's Br. at 5–6. This explanation accords with the well-established fact that an abuser may "compel[] or coerce[] [a person] to commit [an] act or crime." USCIS

Interoffice Memorandum, Determinations of Good Moral Character in VAWA-Based Self-Petitions, Yates to Novak, at 3 (Jan. 19, 2005). Indeed, for this reason, the Attorney General may waive certain criminal convictions for the purpose of considering a noncitizen's eligibility for VAWA-based relief. *See* 8 U.S.C. § 1154(a)(1)(C). Walters' strongest path to staying in the country, therefore, was obviously to pursue VAWA-based relief.

Adding insult to her extensive injuries, however, Walters' initial counsel did not meaningfully pursue any VAWA-based relief on her behalf, instead apparently allowing her first VAWA application to be deemed abandoned for failure to respond to the Government's request for further evidence. If ineffective assistance of counsel means anything, claims that counsel failed to pursue VAWA-based relief on behalf of a noncitizen who has suffered decades of abuse deserve careful scrutiny and consideration, especially when one of her lawyers has been sanctioned by a state bar for a pattern of inadequate representation. A.R. at 185 (a notice that one of Walters' lawyers was suspended for violating rules involving "gross neglect," "lack of diligence," "dishonesty, fraud, deceit or misrepresentation," and "failure to communicate" with clients); *see Sanchez v. Keisler*, 505 F.3d 641, 650 (7th Cir. 2007) (concluding that "counsel was ineffective for abandoning the VAWA theory for no explicable reason").

Separate from whether Walters' counsel was ineffective, I am satisfied the Board erred by concluding that her claim failed for lack of prejudice. **A.R. at 4.** My colleagues, by contrast, agree with the Board that even if her legal representation was

2

ineffective, Walters cannot show prejudice because (1) there are several pieces of evidence in the record that could facially undercut her position, including prior statements she made and the timing of some of her convictions or arrests, and (2) it is "unlikely" the Board would grant her discretionary relief in light of her many criminal convictions. Maj. Op. at 7–8. That may prove true, but as an appellate court we may not substitute our discretion for that of the agency, and we are poorly suited to weigh this evidence in the first instance. *See generally I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (making clear that "an appellate court . . . [may not] intrude upon the domain which Congress has exclusively entrusted to an administrative agency," but rather "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

And further, as the Seventh Circuit has recognized, where ineffective counsel fails to seek VAWA relief in the first instance, "[w]e do not know whether, with all the facts properly before him and the backdrop of VAWA cancellation as the legal basis of the claim, the IJ would once again weigh all the evidence and conclude that [the noncitizen] does not merit cancellation as a matter of discretion, or if, in the light of a proper record, he might weigh all the evidence and come to the conclusion that she does merit VAWA cancellation." *Sanchez*, 505 F.3d at 649; *see also Ventura*, 537 U.S. at 18 (noting that "remand could lead to the presentation of further evidence" in support of the noncitizen's arguments). Because there remains a real possibility Walters could yet prevail on her

3

VAWA-based relief after a diligent attorney has better developed the record, I cannot conclude she was unprejudiced when denied that opportunity.

*    *    *    *    *

Everyone agrees that Walters' criminal history is extensive, and I do not suggest that she is necessarily entitled to relief from removal. But the Board's reasoning for denying her motion to reopen is insufficient, and she deserves an opportunity to make her case further aided by competent counsel. *See Sanchez*, 505 F.3d at 650 (concluding that, in light of counsel's abandonment of VAWA-based relief and an incomplete record, "further proceedings are necessary so that the proper authorities can evaluate the legal claims and exercise their discretion on the basis of a presentation that is fair to the alien"). For these reasons, I respectfully dissent from Parts II and III of the majority's opinion while joining Part I.